## UNITED STATES *v.* PFITSCH.

ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF NEW YORK.

No. 246. Argued March 22, 1921; restored to docket for reargument on question of jurisdiction April 11, 1921; reargued April 25, 1921.—Decided June 1, 1921.

Section 10 of the Lever Act (August 10, 1917, c. 53, 40 Stat. 276, 279), providing that any person dissatisfied with the President's award for supplies requisitioned under that section shall receive 75% of the award and may sue the United States for the balance claimed, confers jurisdiction on the District Courts "to hear and determine all such controversies,"—while other sections of the act providing for requisi-

tions and awards in respect of other classes of property, entitle persons dissatisfied to sue the United States "in the manner provided by § 24, par. 20, and § 145 of the Judicial Code," which confer concurrent jurisdiction on the District Courts and the Court of Claims to adjudicate claims against the United States. *Held,* referring to the legislative history of the act and to other acts *in pari materia,* that the jurisdiction under § 10 is conferred exclusively on the District Courts as part of their ordinary jurisdiction over actions at law for money; of which the right to trial by jury is an incident, and that a judgment rendered under that section is therefore not reviewable in this court by direct writ of error. P. 550.

Writ of error dismissed.

Error to review a judgment of the District Court in an action under § 10 of the Lever Act. The facts are stated in the opinion.

*Mr. Assistant Attorney General Davis,* with whom *Mr. P. M. Cox* was on the brief, for the United States.

*Mr. Arthur B. King,* with whom *Mr. Holmes V. M. Dennis, Jr.,* was on the brief, for defendant in error.

*Mr. Royal E. T. Riggs,* by leave of court, filed a brief as *amicus curiae.*

Mr. Justice Brandeis delivered the opinion of the court.

Pursuant to § 10 of the Lever Act (August 10, 1917, c. 53, 40 Stat. 276, 279) the President requisitioned for the Army on April 18, 1918, a radial drill belonging to Pfitsch. The Board of Appraisers of the War Department found its then value to be $3,979.50, and awarded him that amount as compensation. Pfitsch declared this amount was unsatisfactory and insisted that the value was greater and that he was entitled also to interest from the date of the taking. On February 5, 1919, the Government paid him an amount equal to 75 per centum of the award.

Thereupon, this suit was brought by him in the District Court of the United States for Southern New York to recover the balance alleged to be due. The case was tried, by agreement, without a jury. The court found the value to be $4,550 and entered judgment for the part then unpaid together with interest from the date of taking, at the rate of six per cent. on the amounts from time to time unpaid. The Government brought the case here by direct writ of error and assigned as the only error that interest should not have been allowed.

The preliminary question arises whether this court has jurisdiction on direct writ of error. The answer to be given to it depends upon the nature of the jurisdiction conferred upon the District Court by § 10 of the Lever Act. If the jurisdiction is to be exercised in the manner provided by § 24, paragraph 20, of the Judicial Code, which confers upon the District Court jurisdiction concurrent with the Court of Claims, a direct writ of error lies from this court. *J. Homer Fritch, Inc.* v. *United States*, 248 U. S. 458. If, however, the jurisdiction is the ordinary jurisdiction of the District Court, the writ of error should have gone, in the first instance, from the Circuit Court of Appeals under § 128 of the Judicial Code. The nature of the jurisdiction of the District Court is of importance, not only because of the question directly involved, but because the answer given to it will determine incidentally whether plaintiffs who proceed under § 10 are entitled to a trial by jury. For § 24, paragraph 20 of the Judicial Code declares that "all suits brought and tried under the provisions of this paragraph shall be tried by the court without a jury." See *United States* v. *McGrane*, 270 Fed. Rep. 761; *Filbin Corporation* v. *United States*, 266 Fed. Rep. 911.

Section 10 provides that the President may requisition foods, feeds, fuels and other war supplies with the necessary storage facilities, and that he shall ascertain and pay

just compensation for them. But if any person is not
satisfied with the President's award he is to receive 75%
of the award and for the balance claimed "shall be en-
titled to sue the United States . . . and jurisdiction
is hereby conferred on the United States District Courts
to hear and determine all such controversies." Three
later sections of the act which provide for requisitioning
other classes of property,—§ 12 relating to factories,
mines and pipe lines; § 16, to distilled spirits; and § 25,
to coal or coke plants or businesses,—make provision for
suits against the United States to recover just compen-
sation in terms materially different from that in § 10.
Each of those three sections provides in identical terms
that a person dissatisfied with the President's award
"shall be entitled to sue the United States . . . in
the manner provided by Section twenty-four, paragraph
twenty, and Section one hundred and forty-five of the
Judicial Code." The latter of these sections of the Judicial
Code confers jurisdiction upon the Court of Claims to
adjudicate claims against the United States, and the
former confers upon the District Courts jurisdiction con-
current with the Court of Claims in cases which do not
involve more than ten thousand dollars. Thus, while
§§ 12, 16 and 25 of the Lever Act, in terms, confer juris-
diction concurrently upon the Court of Claims and the
District Courts sitting as a court of claims, § 10, in terms,
confers jurisdiction to hear all cases arising under it upon
the District Courts alone.

The question presented to us is whether this exclusive
jurisdiction granted the District Courts by § 10 is to be
exercised in accordance with the law governing the usual
procedure of a District Court in actions at law for money
compensation or by the provisions of the law governing
the exceptional jurisdiction concurrent with the Court of
Claims where it sits without a jury.

The legislative history of the Lever Act establishes that

the difference of the jurisdictional provision in § 10 from those of §§ 12, 16 and 25 was the result not of inadvertence, but of deliberate action in the face of opposition. The jurisdictional provision of § 10, as introduced into the House of Representatives and as originally passed by it, was in the precise form in which it was enacted into law. 65th Cong., 1st sess., House Rep. 75; 55 Cong. Rec. 4113. When the bill reached the Senate from the House, the Senate Committee reported an amendment striking out the House provision and substituting a provision which made § 10 in this respect identical with §§ 12, 16 and 25. That is, the Senate Committee's amendment provided that suits under § 10 should be brought against the United States "in the manner provided by section 24, paragraph 20, and section 145 of the Judicial Code." 55 Cong. Rec. 4626. This would have conferred concurrent jurisdiction upon the Court of Claims and the District Courts sitting as a court of claims. As so amended § 10 was passed by the Senate; but the House refused to concur in this amendment. And this disagreement, with eight others relating to § 10, was sent to the Conference Committee. 55 Cong. Rec. 5473. The House conferees recommended receding from objections to the eight other Senate amendments of this section, but they insisted upon the objection to the change of the jurisdictional provision. 55 Cong. Rec. 5733–5737. The Senate conferees recommended receding from its amendment to the jurisdictional provision and that the original House provision be restored. 55 Cong. Rec. 5709. In reporting for the House conferees, Mr. Lever said of this amendment:

"Amendment 30. This amendment gives jurisdiction, in suits to recover just compensation under section 10 of the House Bill, to the Court of Claims in addition to the United States district courts. The Senate recedes." 65th Cong., 1st sess., House Rep. No. 117, p. 14; 55 Cong. Rec. 5737.

It is plain, then, that Congress had this question presented to its attention in a most precise form. It had the issue clearly drawn between granting for the adjudication of cases arising under this section concurrent jurisdiction in the Court of Claims and the District Courts without a trial by jury, or of establishing an exclusive jurisdiction in the District Courts of which the right to a jury trial is an incident. The first alternative was rejected, and the reason given for this rejection in the statement of the House conferees is that the proposed amendment would confer jurisdiction upon the Court of Claims. It is difficult to conceive of any rational ground for rejecting the clear and explicit amendment made by the Senate except to accord a trial by jury. All difficulties of construction vanish if we are willing to give to the words of § 10, deliberately adopted, their natural meaning.

Furthermore, it is significant that this is not the only occasion upon which Congress has provided for suits against the United States exclusively in the District Courts. Section 1 of the War Risk Insurance Act of May 20, 1918, c. 77, 40 Stat. 555, provides that suits upon insurance policies "may be brought against the United States in the district court of the United States in and for the district in which such beneficiaries or any one of them resides." The Act of March 4, 1919, c. 125, § 3, 40 Stat. 1348, which authorizes the President to requisition storage facilities for wheat, provides, in the words of § 10 of the Lever Act, that "jurisdiction is hereby conferred on the United States district courts to hear and determine all such controversies." And § 2 of the Act of July 11, 1918, c. 145, 40 Stat. 898, permits suits against the United States on marine insurance "in the district court of the United States, sitting in admiralty."

A survey of the war legislation permitting the seizure of property discloses that Congress has established three distinct jurisdictions for the purpose of suit against the

United States for compensation. In seventeen instances [1] it definitely provided by reference to the appropriate sections of the Judicial Code for concurrent jurisdiction in the Court of Claims and the District Courts sitting as a court of claims. In the four instances above set forth it conferred jurisdiction only on the District Courts. In four instances it conferred jurisdiction only on the Court of Claims.[2] The established rule of statutory construction should lead us to give effect in every practicable manner to the distinctions which Congress has seen fit to make. Compare *Penn Mutual Life Insurance Co.* v. *Lederer*, 252 U. S. 523, 533. And where it designates a

---

[1] Statutes which provide for suits for compensation against the United States in both the District Courts and the Court of Claims in the manner provided by § 24, par. 20, and § 145 of the Judicial Code: Act of March 4, 1917, c. 180, 39 Stat. 1193, The Naval Emergency Fund Act;—Act of June 15, 1917, c. 29, 40 Stat. 183, Emergency Shipping Fund Act;—Act of August 10, 1917, c. 53, §§ 12, 16, 25, 40 Stat. 279, 282, 285;—Act of October 6, 1917, c. 79, 40 Stat. 353, 371–2, Land for ordnance proving ground and for naval construction;—Act of March 1, 1918, c. 19, 40 Stat. 438, 439, Shipping Board Housing;—Act of April 22, 1918, c. 62, 40 Stat. 535, Shipping Board trolleys or interurban railways;—Act of April 26, 1918, c. 64, 40 Stat. 537, 538, Land for ordnance proving ground;—Act of May 16, 1918, c. 74, § 2, 40 Stat. 551, Land for war housing;—Act of July 1, 1918, c. 114, § 5, par. d, 40 Stat. 720, Contracts for ships, war materials, factories, etc.;—Act of July 8, 1918, c. 139, § 1, 40 Stat. 826, Buildings for War Department in D. C.; —Joint Res. of July 16, 1918, c. 154, 40 Stat. 904, Telegraph systems;—Act of July 18, 1918, c. 157, § 14, 40 Stat. 916, Dry docks, wharves, warehouses, terminals;—Act of October 5, 1918, c. 181, § 3, 40 Stat. 1010, Minerals, ores, mines, smelters, etc.;— Act of November 21, 1918, c. 212, § 1, 40 Stat. 1048, Buildings for Department of Agriculture in D. C.

[2] Statutes which provide for suits for compensation against the United States only in the Court of Claims: Act of October 6, 1917, c. 106, § 10, 40 Stat. 422, Patents;—Act of July 1, 1918, c. 114, 40 Stat. 705, Patents used by United States;—Act of March 21, 1918, c. 25, § 3, 40 Stat. 454, Railroads;—Act of March 2, 1919, c. 94, § 2, 40 Stat. 1273, War contracts, etc.

jurisdiction in which the trial will be with a jury instead
of one where the trial will be by the court alone, it is our
duty to give effect to its designation.

The writ of error is dismissed for want of jurisdiction
in this court.

*Dismissed.*