HOUSTON COAL COMPANY *v.* UNITED STATES.

ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR
THE SOUTHERN DISTRICT OF OHIO.

No. 365.   Argued April 10, 1923.—Decided June 4, 1923.

Section 10 of the Lever Act grants jurisdiction to the District
    Court of an action against the United States to recover the differ-
    ence between what the Government has paid the plaintiff as just
    compensation for property requisitioned under that section, and
    what the plaintiff, alleging that the payment was accepted under
    protest, because of duress, and with express reservation of the right
    to demand more, claims to be just compensation.   P. 364.
Reversed.

ERROR to a judgment of the District Court dismissing,
for want of jurisdiction, an action under the Lever Act,
to recover the difference between what the Government
paid the plaintiff, as just compensation in full, for prop-
erty requisitioned, and a larger amount which, plaintiff
alleged, was the true value.

*Mr. A. Julius Freiberg* and *Mr. Ira Jewell Williams,*
with whom *Mr. W. A. Geoghegan* was on the briefs, for
plaintiff in error.

*Mr. Alfred A. Wheat,* Special Assistant to the Attorney
General, with whom *Mr. Solicitor General Beck* was on
the brief, for the United States.

The jurisdiction conferred upon the District Courts by
§ 10 of the Lever Act does not extend to suits brought

to recover additional compensation after the property owner has elected to receive, and has received, the amount determined by the President to be just compensation, nor to suits to avoid an accord and satisfaction upon the ground that it was obtained by duress.

Section 10 of the Lever Act provided two methods of payment. First, the President was directed to ascertain the just compensation and pay it. Second, if the owner of the property taken elected not to accept the President's award he was to be paid 75 per cent. thereof and could sue for such additional amount as would make the compensation just, and jurisdiction was conferred upon the District Courts to hear and determine that issue.

The Government claims that such were the only issues which the District Courts were empowered to entertain.

The District Courts have no general jurisdiction of suits against the United States other than that conferred by § 24, Jud. Code, pursuant to which they sit as courts of claims, without a jury, in cases involving claims not exceeding $10,000. Statutes extending the right to sue the Government and conferring jurisdiction upon the courts for that purpose will, as a general rule, be strictly construed, *Blackfeather* v. *United States,* 190 U. S. 368; and the jurisdiction can not be enlarged by implication. *Price* v. *United States,* 174 U. S. 373, 375.

It is only when a controversy within the terms of the Lever Act is stated that the District Court has jurisdiction to entertain it against the United States. If that court might not entertain the case by virtue of that particular act, it might not entertain it at all. That the petition must show a case within the statutory permission to sue the United States or fail for want of jurisdiction is undoubted. *Hill* v. *United States,* 149 U. S. 593; *Haupt* v. *United States,* 254 U. S. 272; *Great Western Serum Co.* v. *United States,* 254 U. S. 240; *United States* v. *Nederlandsch-Amerikaansche Stoomvaart,* 254 U. S. 148.

It would seem to be clear that, from the language of § 10 of the Lever Act, the only issue which Congress contemplated would arise under the act was that of just compensation, and it was willing, indeed, it insisted, that the property owner have the right of trial by jury as to that issue. *United States* v. *Pfitsch*, 256 U. S. 547.

The alleged facts constituting the duress are that plaintiff was told that the document which it was asked to sign was an order; that, if it was not obeyed, certain payments then due and to become due would not be paid; that its coal and mines would be confiscated, although there was no claim by the officers making the threats that the President would find it necessary, to secure an adequate supply of necessaries for the Army or for the maintenance of the Navy, or for any other public use connected with the common defense, to take over the mines or confiscate the coal, and although the fact was, to the full knowledge of the President and of the officers, that there was an abundant supply, or source of supply, for all of said purposes.

In avoidance of the receipt in full which it gave, the plaintiff therefore seeks to obtain the verdict of a jury upon the good faith of the President of the United States and of the officers acting under his authority. To hold that § 10 of the Lever Act conferred general jurisdiction upon the District Courts to try with a jury cases involving such issues as these is not to be believed. It is not merely an action for just compensation. It seeks to set aside an accord and satisfaction on the ground of duress.

After a property owner has elected to take, and has received, the award of the President, no cause of action cognizable in the District Courts remains. The facts constituting the alleged duress are unavailing.

*Mr. Ira Jewell Williams, Mr. Henry Hudson, Mr. F. R. Foraker, Mr. John H. Stone* and *Mr. Francis Shunk Brown,* by leave of court, filed a brief as *amici curiae.*

MR. JUSTICE McREYNOLDS delivered the opinion of the Court.

This cause went off below on motion to dismiss the petition and the record presents a question of jurisdiction only. Judicial Code, § 238. Did the District Court have authority to hear and determine the issues tendered by plaintiff in error? The point is not free from difficulty; but, after considering the contending views, we conclude there was jurisdiction and that the judgment to the contrary must be reversed.

Purporting to proceed under authority granted by § 10 [1] of the Lever Act, approved August 10, 1917, c. 53, 40 Stat. 276, the President, acting through the Secretary of the Navy, requisitioned coal belonging to the plaintiff in error and paid therefor four dollars per ton, just compensation as ascertained by him. Alleging that this was received under protest, because of duress, and with express reser-

---

[1] Sec. 10. That the President is authorized, from time to time, to requisition foods, feeds, fuels, and other supplies necessary to the support of the Army or the maintenance of the Navy, or any other public use connected with the common defense, and to requisition, or otherwise provide, storage facilities for such supplies; and he shall ascertain and pay a just compensation therefor. If the compensation so determined be not satisfactory to the person entitled to receive the same, such person shall be paid seventy-five per centum of the amount so determined by the President, and shall be entitled to sue the United States to recover such further sum as, added to said seventy-five per centum will make up such amount as will be just compensation for such necessaries or storage space, and jurisdiction is hereby conferred on the United States District Courts to hear and determine all such controversies: *Provided*, That nothing in this section, or in the section that follows, shall be construed to require any natural person to furnish to the Government any necessaries held by him and reasonably required for consumption or use by himself and dependents, nor shall any person, firm, corporation, or association be required to furnish to the Government any seed necessary for the seeding of land owned, leased, or cultivated by them.

vation of the right to demand more, the Coal Company instituted the original action to recover the difference between the amount received and what it claimed to be just compensation. The court held that § 10 did not grant permission to sue the United States therein to one who has received the amount determined by the President for requisitioned articles; and that it lacked jurisdiction to adjudicate the issues which the petition presented.

The Lever Act was passed in view of the constitutional provision inhibiting the taking of private property for public use without just compensation. It vested the President with extraordinary powers over the property of individuals which might be exercised through an agent at any place within the confines of the Union with many consequent hardships. As heretofore pointed out, *United States v. Pfitsch,* 256 U. S. 547, by deliberate purpose the different sections of the act provide varying remedies for owners—some in the district courts and some in the Court of Claims.

It reasonably may be assumed that Congress intended the remedy provided by each section should be adequate fairly to meet the exigencies consequent upon contemplated action thereunder and thus afford complete protection to the rights of owners. Considering this purpose and the attending circumstances, we think § 10 should be so construed as to give the district courts jurisdiction of those controversies which arise directly out of requisitions authorized by that section.

*Reversed.*