### UNITED STATES v. McGOVERN.

(Circuit Court of Appeals, Ninth Circuit. June 9, 1924. Rehearing Denied July 14, 1924.)

No. 4202.

1. Appeal and error ⟨⟩849(2)—In absence of written stipulation waiving jury, rulings in action at law not reviewable.

In absence of stipulation in writing waiving jury, filed with clerk, as required by Rev. St. § 649 (Comp. St. § 1587), rulings in action at law tried to court were not reviewable, and appellate court can only look to record of process, pleadings, and judgment.

2. Courts ⟨⟩518—District Court does not sit as court of claims in action on war risk policy, but its jurisdiction was exclusive; "claim."

Where United States was sued on policy under War Risk Insurance Act May 20, 1918, § 13, subject of action was "claim" within policy, and District Court did not sit as court of claims, under Judicial Code, § 24, par. 20 (Comp. St. § 991), but its jurisdiction was exclusive, with the right of trial by jury.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Claim.]

In Error to the District Court of the United States for the District of Montana; George M. Bourquin, Judge.

Action by Herbert H. McGovern against the United States. Judgment for plaintiff (294 Fed. 108), and the United States brings error. Affirmed.

John L. Slattery, U. S. Atty., and Ronald Higgins and W. H. Meigs, Asst. U. S. Attys., all of Helena, Mont. (L. A. Lawlor, Attorney of U. S. Veterans' Bureau, of Washington, D. C., of counsel), for the United States.

Loy J. Molumby and Chas. Davidson, both of Great Falls, Mont., for defendant in error.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

---

⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

HUNT, Circuit Judge.  McGovern brought this action to recover upon his contract made under the War Risk Insurance Act and acts supplemental thereto.  He alleged permanent and total disability while serving in the Navy from October 17, 1918, during the war.  The government denied the alleged permanent and total disability and pleaded lapse of the insurance contract by reason of nonpayment of premiums.  The cause was tried in June, 1923, the court sitting without a jury.  Testimony was heard.  Thereafter defendant and plaintiff filed motions for specific findings of fact and in November, 1923, the court filed its decision in favor of plaintiff, and on December 1, 1923, filed specific findings of fact and conclusions of law in favor of plaintiff, and thereafter rendered judgment against the United States for $2,530. Writ of error was allowed.

[1] Counsel for defendant in error question the power of this court to review the rulings of the District Court, because it does not appear that the parties or their counsel complied with section 649 of the Revised Statutes (Comp. St. § 1587), by filing a stipulation in writing waiving a jury.  The point is well taken, and upon the authority of our decision in Bouldin et al. v. Alto Mines Co., 299 Fed. 301 (decided May 26, 1924), we are confined to an examination of the process, pleadings, and judgment.  Commissioners v. St. Louis S. W. R. Co., 257 U. S. 547, 42 Sup. Ct. 250, 66 L. Ed. 364.

[2] Upon the face of the record no error appears; hence the judgment must be affirmed, unless counsel for the United States are correct in their argument that the trial was had under the provisions of section 24, paragraph 20, of the Judicial Code, called the Tucker Act (Comp. St. § 991), which provides that, concurrent with the Court of Claims in certain classes of claims, the District Court had power to try the case without a jury.  The action, however, was brought as one at law, pursuant to the authority of section 13 of the War Risk Insurance Act of May 20, 1918 (40 Stat. 555), which provides in substance that, in the event of disagreement as to a claim under the contract of insurance between the bureau and a beneficiary, an action may be brought against the United States in the District Court in the district where the beneficiary resides.

In our opinion the subject of the action is within the meaning of a "claim" under the contract sued upon.  McGovern applied to the Veterans' Bureau and the director of the War Risk Insurance Bureau for moneys claimed to be due under the provisions of the War Risk Insurance Act, and the authorities disagreed with him as to his "claim." In exercising jurisdiction according to the ordinary, usual, and general procedure in an action at law, the District Court did not sit as a court of claims, vested with jurisdiction concurrent with the Court of Claims, conferred by section 24, paragraph 20, of the Judicial Code.  United States v. Pfitsch, 256 U. S. 547, 41 Sup. Ct. 569, 65 L. Ed. 1084, is decisive of the point, for it was there said that, in an action such as the one here considered upon an insurance policy, the jurisdiction of the District Court is exclusive, with the right of trial by jury.

Our conclusion is that the action was properly proceeded with as one at law, and, as no question arises on the process, pleadings, or judgment, judgment must be sustained.

Affirmed.