Hat, Judge,
delivered the opinion to the court:
This is a suit brought by the plaintiff’s decedent to recover from the United States just compensation for the taking by the United States of the oil tanker Gut Heil, which at the time of the taking was the property of said decedent.
The defendant claims that the Gut Heil was the property of the United States, or if she was not, then she was the property of an alien enemy and became the property of the United States pursuant to the joint resolution of May 12, 1917; and that said decedent was only entitled to salvage, and to be reimbursed for the cost of repairs placed on the *524 vessel before August 12, 1918, on which date the United States took the vessel. We do not think that this contention of the Government is tenable.
The facts show that the vessel was abandoned by its owners in the navigable waters of the United States, and being so abandoned it became the property of said decedent when he reduced it to his possession. This he did with the sanction of the authorities of the United States, and the United States recognized the ownership of said decedent when the United States requisitioned and took over the vessel and 'made an award to him for its value.
It seems well settled that when a vessel is derelict and abandoned in the navigable waters of the United States or anywhere else it belongs to that person who finds it and reduces it to possession. Congress could undoubtedly provide that the proceeds of derelicts and abandoned vessels in the navigable waters of the United States be paid into the Treasury; but no such law has been passed, and until it is the principles of natural law must prevail. See Gardner v. 99 Gold Coins, 111 Fed. 552; United States, v. Tyndale 116 Fed. 820; In re Moneys in Registry, 170 Fed. 470; Gibson v. United States, 166 U. S. 269; Hardin v. Jordan, 140 U. S. 871; Pollard's Lessee v. Hagan, 3 Howard 212, 230; Murphy v. Dunham, 38 Fed. 503, 509, 510. The acts of Congress cited by the defendant in its brief are not applicable to the facts of this case. Section 4, C. 211, 21 Stat. 180, 197, and 22 Stat. 191, 208. Navigation was not obstructed or endangered, and in this case the Secretary of War did not remove the wreck, but on the contrary stated, that he did not intend to remove it, nor did he undertake to sell or dispose of the vessel before it was raised. It is too late for the United States to claim ownership after some one else has found the property, reduced it to his possession, and exercised acts of ownership which have been recognized by the Government.
The claim that the vessel was alien property and became the property of the United States by virtue of the resolution of May 12, 1917, is obviously not well taken. The German owner had abandoned the property in the year 1914 and *525 notified the United States authorities that it had done so. The vessel was no longer the property of the German owner, and the United States could not acquire title to property from a person who had no title.
The defendant also contends that if the Gut Heil was not the property of the United States, but was the property of the decedent, he has received a sum from the United States largely in excess of just compensation, and that the United States is entitled to a judgment for the excess over just compensation paid for the vessel. We do not think the evidence sustains this contention. The facts found show the contrary to be true.
The defendant further contends that the acceptance by the decedent of the $700,000 awarded as just compensation for the Gut Heil precludes any further recovery in this suit.
To sustain this contention the defendant seems to rely on the case of Robert F. Mitchell et al. v. United States, 58 C. Cls. 443. In that case, which arose under a different statute from the one we are considering in this case, it was held by this court as follows:
“ Where an act of Congress provides -for the acquisition of land by the United States by purchase or requisition, giving to the President authority to determine just compensation to the owners thereof, who, if dissatisfied with his award, might receive 75 per cent thereof and sue in the Court of Claims for such amount as added to said 75 per cent would make just compensation, if the owners shall receive the full amount of said award of the President without protest, objection, or reservation, the court has no jurisdiction to consider a claim for any further amount.”
The facts in this case are not the same as those in the Mitchell case, sufra. In that case the compensation was accepted without protest, reservation, or objection; in this case before the award was paid the decedent notified the Secretary of the Navy that he was not satisfied with the amount of the award, and that it was his intention to bring suit in this court for just compensation. The Secretary of the Navy through his agents proceeded to pay the award, although he did not pay the full amount thereof, the award being for $700,000 and certain consumable stores. The con *526 sumable stores were not paid for. The payment of the award was made to the agent of the decedent; the agent had been told by the decedent that he was not to receive the payment as in full for just compensation, and that he was to give no receipt therefor which would preclude the decedent from bringing suit in this court for just compensation. The agent of the decedent gave no receipt, but accepted the check for the amount of $700,000 in part payment. The United States without inquiring as to the authority of the agent to accept the sum of $700,000 in full of the award paid the money and took no receipt therefor. The unauthorized acts of the agent can not bind the principal; and the decedent, having reserved the right to bring his action in this court before receiving the money can not be held to have precluded himself from suing here.
Moreover, the act of June 15, 1917, 40 Stat. 182, does not limit the right to sue to the cases where the plaintiff has received only 75 per, cent. Even if the decedent received the whole amount he could still sue in this court for just compensation. The Supreme Court of the United States in the case of Mitchell et al. v. United States, 267 U. S. 341, 344, says: “ The mere fact that compensation for the taking of the land was fixed by the President and was accepted does not bar recovery on the present claim, whether the suit be deemed to be upon a promise implied in fact for a taking or for the recovery of statutory damages.” See also Houston Coal Co. v. United States (262 U. S. 361).
The plaintiffs are entitled to interest from the date of the payment to their decedent of the $700,000 — to wit, from December 20, 1918. This is the opinion and judgment of the majority of the court. However, for the following reasons, the writer of this opinion dissents from that opinion and judgment. Section 177 of the Judicial Code provides: “ No interest shall be allowed on any claim up to the time of the rendition • of the. judgment thereon by the Court of Claims, unless upon a contract expressly stipulating for the payment of interest.” This statute is mandatory, and admits of no exception. Whatever may be the character of the claim, under the provisions of this statute the court has *527 no discretion. In the case of United States v. North American Transportation & Trading Company, 253 U. S. 330, 338, Mr. Justice Brandéis in delivering tbe opinion of the court said: “ The loss to the company of the use of $23,800, which is found to be the value of the mining claim when it was taken nearly twenty years ago, must be deemed to be due, in part, to its delay in instituting the suit, and, in part, to the delays of litigation for which it may have been largely responsible. But as, in either event, the loss of the use of the money results from the failure to collect sooner a claim held to have accrued when the company’s property was taken, that which the company seeks to recover is, in substance, interest, and that Congress has denied to the Court of Claims power to allow.” The case at bar is similar in all respects to the case just cited. While in this class of •cases the interest claimed is asked for as a part of the just compensation sued for, it is in substance and in fact interest, and we are denied the power to allow it.
In the case of the Cherokee Nation v. United States decided April 12, 1926, 270 U. S. 476, Mr. Chief Justice Taft in delivering the opinion of the court said:
“ When we consider the rule requiring an express provision of contract or statute to justify the imposition of interest in adjudicating any claim against the United States, we can find nothing in the circumstances of this case to increase the interest as adjudged. The additional interest now claimed is sought really as damages for the delay of Congress in appropriating the sum due in 1895 as the United States promised in the 1891 agreement. But the rule as to interest against the United States does not allow us to adjudge interest as damages at all. Congress must expressly provide for it or the contract must so provide. The only contractual obligation here is for simple five per cent interest until payment.” See also United States v. Minnesota Mutual Investment Co., decided May 24, 1926, by the Supreme Court of the United States, 271 U. S. 212.
The plaintiffs rely on the case of Seaboard Air Line Railway Company et al. v. United States, 261 U. S. 299, 306. That case arose under the act of August 10, 1917, known as the Lever Act and under section 10 of that act, and was tried in the United States District Court of South Carolina. *528 Under the provisions of that act the district court was-given jurisdiction by Congress to hear and determine all controversies which might arise under it, but there was no-provision in the act as to how the just compensation provided for should be arrived at, nor was there any inhibition as to interest contained in the act. Had Congress chosen it could have provided that no interest should be allowed on any amount which the court might have found to be the just compensation which accrued when the property was taken.
The jurisdiction conferred on this court by the act of June 15, 1917, 40 Stat. 183, provides that the United States shall make just compensation for the taking of ships, the said just compensation to be determined by the President; “ and if the amount thereof, so determined by the President, is unsatisfactory to the person entitled to receive the same, such person shall be paid seventy-five per centum of the amount so determined by the President and shall be entitled to sue the United States to recover such further sum as, added to the said seventy-five per centum, will make up such amount as will be just compensation therefor, in the manner provided for by section twenty-four, paragraph twenty, and section one hundred and forty-five of the Judicial Code.”'
Even if Congress had not passed this act the person whose property was taken would have had the right to bring the suit therein provided for under the provisions of section 145-of the Judicial Code; and the act of June 15, 1917, does not confer upon the person any greater rights or remedies than he already had, except to provide for the payment of 75 per cent of the just compensation determined by the President. Under the provisions of section 145 of the Judicial Code-interest could not be allowed on claims of this character in the face of section 177 of the same code. The suit in this class of cases is upon an implied contract. The Supreme Court and this court have so held in cases too numerous to mention.
The statute dealing with interest in this court makes no-exception, and leaves no room for the exercise of discretion in any case, no matter from what source the claim may arise,. *529 'Claims which may arise under the Constitution have no different standing from those which are based on contract, as the statute provides that no interest shall be allowed on “ any -claim.”
In the case of Brooks-Scanlon Corporation v. United States, 265 U. S. 106, which went up from this court, it is .said: “ Interest at a proper rate is a good measure of the amount to be added.” But in that case the statute which we are discussing was not referred to, and the question of adding what is in substance interest to the just compensation was not discussed by the Supreme Court. Just compensation is ■the value of the property taken at the time it was taken. Certainly interest on the value of said property after it was taken can not be logically regarded as a part of the just compensation.
The case of United States v. Benedict, 261 U. S. 294, arose under the Lever Act, while the case of Brown v. United States, 263 U. S. 78, arose under the provision of the reclamation act. The statute prohibiting the allowance of interest on “ any claim ” is confined to the jurisdiction of this court, and the court can not disregard its mandate.
The plaintiffs are entitled to a judgment. It is so ordered.
Graham, Judge; Booth, Judge; and Campbell, Chief ■Justice, concur.