Booth, Chief Justice,
delivered the opinion of the court:
This is a suit by the administrator of a deceased veteran to recover upon a certificate of war-risk yearly renewable term insurance issued to plaintiff’s decedent under the War Risk Acts of October 6, 1917 (40 Stat. 409), and June 7, 1924 (43 Stat. 612). The determinative issue is one of jurisdiction. The facts, not in controversy, are as follows:
Eldridge Anderson became a soldier of the United States on April 1, 1918. Two days later, on April 3, 1918, he applied for a $10,000 war-risk insurance policy, and, in accord with the act of October 6, 1917, supra, it was payable in installments to him in case of permanent total disability. In the event of his death, his father, Charlie Ford Anderson, was to receive all payments due thereon. Eldridge Anderson became permanently and totally disabled on August 26, 1919, and remained in that condition until October 28, 1919, when he died intestate.
*232 The assured had maintained his insurance in force by means of deductions from his monthly pay as long as he continued in the military service, the last deduction being made on August 1, 1919, and no change of beneficiaries had been made. The defendant does not challenge the fact that on the date of Eldridge Anderson’s death the insurance was in full force and effect.
Charlie Ford Anderson, father of the soldier, as beneficiary under the insurance certificate, became entitled to receive the installment payments provided for therein until the date of his death, which occurred February 6, 1921; and therefore, under the following provisions of the act of March 4, 1925, the remaining installments were to be paid to the estate of Eldridge Anderson, to wit:
“ If no person within the permitted class be designated as beneficiary for yearly renewable term insurance by the insured either in his lifetime or by his last will and testament or if the designated beneficiary does not survive the insured or survives the insured and dies prior to receiving all of the two hundred and forty installments or all such as are payable and applicable, there shall be paid to the estate of the insured the present value of the monthly installments thereafter payable, said value to be computed as of date of last payment made under any existing award” (43 Stat. 1310).
Application was made to the United States Veterans’ Bureau for the payment of the benefits under the insurance certificate, and on February 6, 1930, payment was refused because it was said that the deceased soldier “ allowed his insurance to lapse for nonpayment of premium for the month of Februarjr 1919.” In 1926 application for payment was renewed and the application was rejected for the reason set forth above. In December 1932 a brother of the deceased applied to the Bureau for payment under the certificate, and this application, like the others, met with rejection, as follows:
“ The provisions of the act of March 20. 1933, entitled ‘An Act to Maintain the Credit of the United States Government ’, specifically repealed all laws granting or pertaining to yearly renewable term insurance except as to cases wherein contracts of yearly renewable term insurance have matured prior to March 20, 1933, and under which payments *233 have commenced, or in which judgments have been rendered in a court of competent jurisdiction in any suit on a contract of yeaidy renewable term insurance or in which judgments may hereafter be rendered in any such suit now pending.
“ Under these provisions favorable consideration of your claim for benefits under a contract of yearly renewable term insurance is barred and no further action in connection with your claim can be taken by the Veterans’ Administration. Under these circumstances I regret to advise you that further inquiry or correspondence from you seeking further consideration of this claim will necessarily be of no avail.
“ The case folder is being retained in the Veterans’ Administration at Washington, D. C.”
The insurance was on the date of the decedent’s death a valid subsisting claim. The statutes granting the same and the regulations of the Bureau with respect to the administration of the law were complied with.
Upon the basis of these stated facts this suit is instituted under section 145 of the Judicial Code, the section of the Tucker Act (24 Stat. 505) conferring upon this court, among other subject matters, jurisdiction of all claims founded “ upon any contract, expressed or implied, with the Government of the United States.”
The defendant interposes three defenses; to sustain any one results in the dismissal of the petition.
Our jurisdiction under the applicable statutes is first challenged, and section 405 of the act of October 6, 1917, supra, subsequently carried into section 19 of the act of June 7, 1924, supra, is relied upon to sustain the challenge. Section 405 is as follows:
“That in the event of disagreement as to a claim under the contract of insurance between the bureau and any beneficiary or beneficiaries thereunder an action on the claim may be brought against the United States in the district court of the United States in and for the district in which such beneficiaries or any one of them resides. * * * ”
The plaintiff does not traverse a contention that the section quoted confers jurisdiction of this case upon the United States district courts. The argument advanced to sustain this court’s jurisdiction is predicated upon a contention that the jurisdiction of the district courts is not exclusive, and *234 that the act of March 20,1933, sv/pra, which admittedly withdrew the remedy extended to the assured under section 405, left unimpaired the general and concurrent jurisdiction of the Court of Claims upon a contract with the United States.
We need not refer to the axiomatic principles of law goy-éíñing the prosecution of claims against the United States in courts of the United States. The undoubted power of Congress to limit and direct not only the manner and terms upon which the United States may be sued, and what courts shall have jurisdiction thereof, is not questioned, and it must be conceded that section 405 in issue did confer upon the United States district courts jurisdiction to adjudicate a claim like the one in suit.
In United States v. Pfitsch, 256 U. S. 547, the Supreme Court adjudicated a controversy similar to this. In deciding that section 10 of the Lever Act (40 Stat, 276, 279), a war measure authorizing the President to requisition certain supplies to aid in the prosecution of the war and providing for the payment of just compensation to the owners, conferred upon the district courts jurisdiction to “hear and determine ” all controversies arising under the section, the court held that the jurisdiction thus conferred was exclusive.
In reaching this conclusion the court resorted to the legislative history of the act and from it said “All difficulties of construction vanish if we are willing to give to the words of section 10, deliberately adopted, their natural meaning.” Tested by the principles of the Pfitsch case and in conjunction with the numerous provisions of the acts granting insurance to the veterans, as well as in view of the situation and status of the beneficiaries, it would be most difficult to arrive at any other conclusion than that the United States District Court, and not this court, possessed exclusive jurisdiction prior to the act of 1933 to hear and determine the issues involved in this case.
War-risk insurance of the character involved was extended to the soldiers and the benefits ramified into practically every locality of the United States. The administration of the legislation encompassed the rights of veterans in every section of the country, and Congress, we think, intended to provide a convenient local jurisdiction wherein their claims *235 could be prosecuted to the exclusion of existing remedies, if any, elsewhere. In the Pfitsch case the court said:
“ Furthermore, it is áignificant that this is not the only occasion upon which Congress has provided for suits against the United States exclusively' in the district courts. ' Section 1 of the War Kisk Insurance Act of May 20, 1918, c. 77, 40 Stat. 555, provides that suits upon insurance:policies ‘ may be brought against the United States in the District Court of the. United States in and for the district in which such beneficiaries or any one of them resides ’.” (p. 552.)
In Mara v. United States, 54 Fed. (2d) 397, 399, the court said:
“ Neither the Court of Claims nor the Tucker Act jurisdiction of the district court, 28 U. S. C. A., § 41 (20), is open to veterans in these cases, for the United States, through the Congress, may decide how, when, and where it wishes to be sued, and may open or close its judicial tribunals to claims against itself as and when the Congress pleases.”
We think it clear that upon this court the Congress at no time intended to confer jurisdiction to hear and determine this case; and notwithstanding the fact that the erroneous ruling of the Veterans’ Bureau placed the plaintiff’s rights in a category where delays ensued until all remedy was lost, this court does not now and never did possess jurisdiction of the controversy'. Plaintiff’s only remedy is, in our opinion, with Congress, and the petition must be dismissed. It is so ordered.
Whaley, Judge-; Williams, Judge; LittletoN, Judge; and GREEN, Judge, concur.