Alice NAKSHIAN, Plaintiff,

v.

W. Graham CLAYTOR, Jr., Defendant.

Civ. A. No. 78–0867.

United States District Court, District of Columbia.

March 8, 1979.
Supplemental Opinion March 16, 1979.

Patricia J. Barry, Washington, D. C., for plaintiff.

Carl S. Rauh, U. S. Atty., Royce C. Lamberth, Scott T. Kragie, Asst. U. S. Attys., Robert A. Reutershan, Sp. Asst. U. S. Atty., Washington, D. C., for defendant.

## MEMORANDUM

OBERDORFER, District Judge.

Plaintiff is an older woman who has been employed as a secretary and clerk by the Navy Department for over thirty years. She has sued the Navy for alleged age discrimination under the Age Discrimination in Employment Act (ADEA). Plaintiff requests a jury trial for her suit, and defendant has moved to strike the request. The court must now determine whether plaintiff has a right to a jury trial under the ADEA in a suit against the government.[1]

## I. RIGHT TO JURY TRIAL IN PRIVATE ADEA SUITS

■ The Supreme Court recently established that plaintiffs have the right to demand a jury trial for ADEA suits brought against private employers (hereinafter, "private ADEA suits"). *Lorillard v. Pons*, 434 U.S. 575, 98 S.Ct. 866, 55 L.Ed.2d 40 (1978). The Court based its conclusion on statutory grounds. It determined that Congress intended to grant plaintiffs a jury right when it enacted 29 U.S.C. § 626(c). The Supreme Court noted that the ADEA's enforcement provisions were modeled after those of the Fair Labor Standards Act (FLSA). Because the FLSA established the right to a trial by jury in private actions, the Court inferred that Congress likewise intended the ADEA to provide such a jury right. The Supreme Court also pointed out that the ADEA empowers a court to grant

"*legal* or equitable relief" [29 U.S.C. § 626(c)] (emphasis added). The explicit use of the term of art, "legal . . . relief" manifests Congress' intention to provide a jury trial right, according to the Court. *Id.* at 871–72.

Congress codified the *Lorillard* result by explicitly amending the ADEA to grant plaintiff a jury trial right in private ADEA suits. § 7(c) of the ADEA was amended, in 1978, to include the following paragraph:

(2) In an [ADEA] action . . . a person shall be entitled to a trial by jury of any issue of fact in any such action for recovery of amounts owing as a result of a violation of this Act, regardless of whether equitable relief is sought by any party in such action.

*See* Act of April 6, 1978, Pub.L. No. 95–256, 92 Stat. 189 (1978).

## II. RIGHT TO JURY TRIAL IN ADEA SUITS AGAINST THE GOVERNMENT

When originally enacted, the ADEA did not establish the right of persons to sue the federal government for age discrimination. Congress' 1974 amendments to the Act, however, established such a right. In doing so, Congress used the exact same language that it had previously employed to authorize private ADEA suits:

Any person aggrieved may bring a civil action in any Federal district court of competent jurisdiction for such legal or equitable relief as will effectuate the purposes of this chapter.

*Compare* 29 U.S.C. § 633a(c) *with* 29 U.S.C. § 626(c).

■ The question now before the court is whether the above quoted language gives plaintiffs a right to demand a jury trial in ADEA suits brought against the federal government.

Application of the *Lorillard* Court's reasoning suggests that a jury trial right exists for suits brought against the government.

---

1. This question is one of first impression. Although the government conceded the right to a jury trial in an ADEA suit against the Department of Labor, *Carter v. Marshall*, 457 F.Supp. 38 (D.D.C.1978), the government apparently has adopted the policy of no longer conceding the issue.

First, § 633a(c) uses the same "legal . . relief" language that persuaded the Supreme Court to conclude that § 633a(c)'s companion provision, § 626(c), permits jury trials for private ADEA suits. Second, Congress' 1974 amendments to the Act made the ADEA generally applicable to the federal government, with few changes.[2] Indeed, the use of the exact same language in § 633a(c) as in § 626(c) indicates that Congress intended suits against the government to be on an equal footing with private ADEA suits. Thus, an implied jury right for private ADEA actions is equally applicable for government ADEA suits. Third, if Congress had intended its consent to ADEA suits to be limited to non-jury trials, it could have easily said as much. Congress' failure to assert continuing sovereign immunity with respect to ADEA *jury* trials implies its abandonment of that immunity. At the least, this court is unwilling to deprive plaintiffs who sue government entities instead of private employers of their right to a jury trial without Congress' explicit refusal to grant such a right.

The 1978 amendments to the ADEA have introduced some confusion into this otherwise clear conclusion that plaintiffs have the right to a jury trial in ADEA suits against the government. As mentioned above, those amendments included an express addition to 29 U.S.C. § 626(c) [§ 7(c) of the ADEA] which codified *Lorillard's* holding that private ADEA litigants have the right to demand a jury trial. Congress did not, however, similarly amend § 626(c)'s companion provision for suits against the government, § 633a(c). The United States therefore argues that Congress did not intend to allow jury trials for ADEA suits against the government.

At first blush, the United States' position seems persuasive. Congress' failure to amend § 633a(c) to explicitly allow jury trials for government ADEA suits arguably indicates that it did not want to "extend" the jury trial right to those suits. This argument fails, however, for three reasons. First, the legislative history, though vague, indicates that Congress did not intend its explicit authorization of ADEA jury trial to apply only to private ADEA suits, and not those lodged against the government. The history speaks only in general terms about the right of a jury trial for ADEA suits.[3] It does not reflect a conscious decision by Congress to limit *Lorillard* to private ADEA suits. Second, the clear, unamended language of § 633a(c) compels a conclusion that plaintiffs have a jury trial right in government ADEA suits. Specifically, § 633a(c) speaks in terms of "legal . . . relief." As noted by the *Lorillard* Court:

> The word "legal" is a term of art: In cases in which legal relief is available and legal rights are determined, the Seventh Amendment provides a right to jury trial. 98 S.Ct. at 871.

Third, Congress' silence should not be interpreted to deprive plaintiffs of the cherished right to a jury trial. As mentioned above with reference to the 1974 ADEA amendments, and as demonstrated by the *Lorillard* Court, the failure to explicitly provide for jury trials does not compel the conclusion that such trials are not permitted on grounds of sovereign immunity or statutory interpretation. To so hold would ignore the spirit of the 1978 amendments to the ADEA, the language of § 633a(c), and the importance of the right to a trial by jury.

The court therefore concludes that Congress intended to permit plaintiffs suing the government under the ADEA to demand jury trials.[4]

So ordered.

---

2. The drafters of the 1974 amendments did not intend to alter substantially the ADEA enforcement scheme for suits against the government. Instead, Congress indicated that it simply meant to "expand the coverage of the Act to Federal, State, and local employees." H.R.Rep. No. 93–913, 93d Cong., 2d Sess., *reprinted in* [1974] U.S.Code Cong. & Admin.News, pp. 2811, 2860.

3. H.Conf.Rep. 95–950, 95th Cong., 2d Sess., *reprinted in* [1978] U.S.Code Cong. & Admin. News at p. 535.

4. Because the case can be disposed of on statutory grounds, the court does not find it necessary to determine whether plaintiff might have a Seventh Amendment right to a jury trial in this case.

**162**

## SUPPLEMENTAL MEMORANDUM

On March 7, 1979, the court entered a Memorandum and Order that denied defendant's motion to strike plaintiff's jury demand. On that same date, defendant filed an additional memorandum vigorously opposing plaintiff's request for a jury trial in this Age Discrimination suit.

Defendant chooses to emphasize two arguments in its latest papers. First, it contends that the Supreme Court's reasoning in *Lorillard v. Pons,* 434 U.S. 575, 98 S.Ct. 866, 55 L.Ed.2d 40 (1978) does not support a finding of a jury trial in ADEA suits against the government. Second, defendant repeats its earlier arguments that Congress has not waived sovereign immunity for purposes of jury trials against the government.

*Applicability of the FLSA.* Defendant asserts that the *Lorillard* Court based its finding of a jury trial right for ADEA suits against private employers on the similar right existing under the Fair Labor Standards Act ("FLSA"). It now argues that the FLSA does not allow jury trials for suits against the government, and thus the ADEA similarly is not meant to permit jury trials for such suits.

Defendant's reasoning contains two fallacies. First, the *Lorillard* Court did not depend solely on the FLSA to hold that a similar right adheres for the ADEA. Indeed, the Court emphasized that the language of the ADEA, calling for "legal . . . relief," demonstrates an intent to create a jury trial right. Second, it was not until 1974 that Congress extended the ADEA to suits against the government. The FLSA may have been useful as a guide in divining Congress' 1967 intentions when it enacted the ADEA, but defendants have not shown its applicability to the 1974 amendments. A much more reliable guide, in the opinion of the court, is the language of the 1974 amendments which provides for "legal . . . relief" against the government.

*Sovereign Immunity.* Defendant repeats its argument that because the United States has not explicitly permitted jury trials in ADEA suits, no jury trial right exists.

The defendant is correct, of course, in asserting that the doctrine of sovereign immunity generally bars suits against the United States without its consent. *McElrath v. United States,* 102 U.S. 426, 26 L.Ed. 189 (1880). The United States also can dictate, to some extent, the terms of suit. *Id.* The defendant goes too far, however, when it asserts that unless Congress explicitly allows jury trials in suits against it, such trials necessarily are barred. The courts obviously can, and have, inferred a Congressional intention to allow jury trials in the absence of explicit authorization. *See, e. g., Lorillard v. Pons, supra; United States v. Pfitsch,* 256 U.S. 547, 41 S.Ct. 569, 65 L.Ed. 1084 (1921). Indeed, courts should not be reluctant to find the right to a jury trial in suits against the United States. Once the government has consented to suit, its silence or ambiguity about whether plaintiffs can demand a jury trial should not be grounds for the denial of such trials. Courts have a responsibility to take a close look at Congressional intent and, if necessary, at the Constitutional right to a jury trial, before they hold that plaintiffs are not entitled to trials by a jury of their peers. The doctrine of sovereign immunity does not absolve them from this responsibility.