**Arlin Gale HARRIS, Plaintiff,**

v.

**UNITED STATES DEPARTMENT OF the TREASURY, and W. Michael Blumenthal, Secretary of the Treasury, Defendants.**

**No. 79 C 0859.**

United States District Court,
N. D. Illinois, E. D.

Jan. 31, 1980.

Royal B. Martin, Silets & Martin, Chicago, Ill., for plaintiff.

Mary M. Thomas, Asst. U. S. Atty., Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Plaintiff, an employee of the Internal Revenue Service (IRS), a division of the Department of Treasury, has brought this action under the Age Discrimination in Employment Act (ADEA), as amended, 29 U.S.C. § 621 *et seq.*[1] Plaintiff has been employed with the IRS since 1956; since 1962 he has held the position of a GS–13 Internal Revenue Agent. In December, 1974, plaintiff applied for advancement to a Supervisory Internal Revenue Agent position, also at the GS–13 level. Plaintiff, who at the time was 51 years of age, was bypassed for the position. Instead, the department selected a 27 year-old agent to fill the vacancy. Plaintiff contends that he was better qualified for the position than was the agent selected for the post, and that his application was denied solely on account of his age.

---

1. Jurisdiction is pursuant to 29 U.S.C. § 633a(c).

In March, 1975, plaintiff initiated administrative proceedings to contest the promotion denial on the grounds of alleged age discrimination. A final decision denying plaintiff's appeal was issued on January 29, 1979. Plaintiff then filed this action on March 5, 1979, alleging that the failure to grant him the promotion sought violated the ADEA, 29 U.S.C. § 633a(c).[2] To remedy this alleged discrimination, plaintiff seeks an injunction prohibiting the defendants from future discrimination against him on the basis of age, placement in the position of Supervisory Internal Revenue Agent with back pay, $750,000 in compensatory and punitive damages, and court costs and attorney's fees. Plaintiff also seeks to have this case tried by a jury.

The defendants have moved to strike the plaintiff's demands for compensatory and punitive damages, and for a jury trial. In his brief addressed to the motion, plaintiff has conceded that compensatory and punitive damages are unavailable under the ADEA.[3] The only remaining issue, therefore, is whether a plaintiff who files suit against a government employer under the ADEA is entitled to a trial by jury. Although the Supreme Court in *Lorillard v. Pons*, 434 U.S. 575, 98 S.Ct. 866, 55 L.Ed.2d 40 (1978), found such a right implicit in the ADEA in suits against *private* employers, there is little case authority dealing with the right to jury trial in ADEA suits against the government.[4] The parties are in agreement that the seventh amendment guarantee of the right to jury trial does not control the outcome of this issue, since suits against the sovereign are not the type of "common law" suit for which the right to jury trial is preserved. *McElrath v. United States*, 102 U.S. 426, 439–440, 26 L.Ed. 189 (1880). Thus, the issue is one of statutory construction: whether Congress in passing the ADEA intended to permit jury trials in suits against government employers.[5]

As enacted in 1967, the ADEA broadly prohibited various forms of discrimination on the basis of age. Borrowing generously from the model provided by the Fair Labor

2. 29 U.S.C. § 633a(a) provides in relevant part that:
   All personnel actions affecting employees or applicants for employment . . . in executive agencies . . . shall be made free from any discrimination based on age.

3. A number of courts which have considered this issue with respect to private employee suits under the ADEA have held that compensatory and punitive damages are unavailable. *See e. g. Dean v. American Sec. Ins. Co.*, 559 F.2d 1036, 1038–1039 (5th Cir.), *cert. denied*, 434 U.S. 1066, 98 S.Ct. 1243, 55 L.Ed.2d 767 (1977); *Rogers v. Exxon Research & Engineering Co.*, 550 F.2d 834, 840–842 (3d Cir.), *cert. denied*, 434 U.S. 1022, 98 S.Ct. 749, 54 L.Ed.2d 770 (1977); *Vazquez v. Eastern Air Lines, Inc.*, 579 F.2d 107, 110–111 (1st Cir. 1978); *Slatin v. Stanford Research Institute*, 590 F.2d 1292, 1293–1295 (4th Cir. 1979); *Stevenson v. J. C. Penney Co.*, 464 F.Supp. 945, 947–948 (N.D.Ill. 1979). The sole case that has addressed the issue with respect to public employee actions has reached the same result. *Carter v. Marshall*, 457 F.Supp. 38 (D.D.C.1978). Therefore, since this view is not contrary to the weight of the authority, the Court will accept the plaintiff's concession and grant defendants' motion to strike the demand for compensatory and punitive damages.

4. This appears to be a case of first impression in this court. Indeed, only one other court appears to have ruled on the question presented herein. *See Nakshian v. Claytor*, 20 F.E.P. Cases 927 (D.D.C.1979) (held that right to jury trial exists in public employee suits under the ADEA).

5. The defendants contend that since the government is immune from suit absent its consent, it can impose any conditions it deems appropriate on the right to bring suit. The defendants further argue that even when the government consents to suit, the doctrine of sovereign immunity insulates the government from jury trials absent unequivocal evidence of intent on the part of the government to permit such trials.

It is true that the government can dictate the terms upon which it will consent to be sued. *United States v. Sherwood*, 312 U.S. 584, 586, 61 S.Ct. 767, 769, 85 L.Ed. 1058 (1941); *Best Bearings Co. v. United States*, 463 F.2d 1177, 1179 (7th Cir. 1972). In this case, however, the government by enacting the ADEA has consented to suit without expressly indicating whether it also intended to consent to the procedure of trial by jury. In light of the normal practice of protecting the right to jury trials, the Court believes that the defendants' position erects too strong a presumption in favor of governmental immunity from trial by jury.

Standards Act (FLSA),[6] 29 U.S.C. § 201 *et seq.*, Congress established two primary methods of enforcing the ADEA's provisions. Under 29 U.S.C. § 626(b), the Secretary of Labor may file suit on behalf of a discrimination victim to obtain monetary and injunctive relief. Alternatively, Section 626(c), (d), provides a scheme whereby an aggrieved party may seek to conciliate the alleged unlawful practice, or may file suit "in any court of competent jurisdiction for such legal or equitable relief as will effectuate the purposes of this chapter." 29 U.S.C. § 626(c). Although the ADEA did not provide expressly for jury trials, several courts have found such a right implicit in the statutory scheme.[7]

Congress in 1974 extended the coverage of the ADEA to include persons employed by the federal government. To accomplish this end, the Congress added a new section to the ADEA—29 U.S.C. § 633a—which essentially tracked the language found in Section 626.[8] In particular, Section 633a(c) provided that "[a]ny person aggrieved may bring a civil action in any Federal district court of competent jurisdiction for such legal or equitable relief as will effectuate the purposes of this chapter." In extending coverage to government employees, there is no indication that Congress intended to distinguish between the procedures available to private and public employees. Rather, Congress hoped that the expanded coverage would "remove discriminatory barriers against employment of older workers in government jobs at the Federal and local government levels *as it has and continues to do in private employment.*" H.R.Rep. No.

93–913, 93d Cong., 2d Sess., *reprinted in* [1974] U.S.Code Cong. & Admin.News at 2850 (emphasis supplied). Thus, the purpose of the 1974 amendment was to provide government workers with protection similar to that available to private employees.

Congress once again amended the ADEA in 1978. For the purposes of the jury trial issue, two amendments in particular are noteworthy. First, the Congress added a provision to Section 633a limiting the applicability of the remainder of the chapter to suits against the government.[9] Second, Congress amended § 626(c) to provide expressly for the right to jury trial in suits against private employers. *See* 29 U.S.C. § 626(c)(2).

In the midst of congressional consideration of these amendments, the Court in *Lorillard v. Pons*, 434 U.S. 575, 98 S.Ct. 866, 55 L.Ed.2d 40 (1978), held that the ADEA implicitly provided for a right to jury trial in suits against private employers. The Court considered persuasive two elements of the ADEA in reaching this conclusion. First, the Court found that Congress had borrowed from the FLSA procedures with the knowledge that jury trials were available under that Act. Second, the Court observed that 29 U.S.C. § 626(c) authorizes suits for *legal* and equitable relief. The Court noted that the word legal is a well-known term of art; it generally signifies the existence of a right to jury trial. "We can infer, therefore, that by providing specifically for 'legal' relief, Congress knew the significance of the term 'legal,' and intended that there would be jury trial on demand . . . ." 434 U.S. at 583, 98 S.Ct. at 871.

---

**6.** 29 U.S.C. § 626(b) provides in relevant part that:

[t]he provisions of this chapter shall be enforced in accordance with the powers, remedies, and procedures provided in sections 211(b), 216 (except for subsection (a) thereof), and 217 of this title, and subsection (c) of this section.

**7.** *See e. g. Pons v. Lorillard*, 549 F.2d 950, 952–953 (4th Cir. 1977); *Rogers v. Exxon Research & Engineering Co.*, 550 F.2d 834, 838–839 (3d Cir.), *cert. denied*, 434 U.S. 1022, 98 S.Ct. 749, 54 L.Ed.2d 770 (1977). *Contra, Morelock v. NCR Corp.*, 546 F.2d 682, 686–689 (6th

Cir. 1976), *vacated* 435 U.S. 911, 98 S.Ct. 1463, 55 L.Ed.2d 503 (1978).

**8.** This section, however, contained no parallel reference to the powers, remedies, and procedures of the FLSA as contained in 29 U.S.C. § 626(b).

**9.** 29 U.S.C. § 633a(f) provides that:

Any personnel action of any department, agency, or other entity referred to in subsection(a) of this section shall not be subject to, or affected by, any provision of this chapter, other than the provisions of section 631(b) of this title and the provisions of this section.

In light of *Lorillard* and the history of ADEA legislation, the Court believes that the right to jury trial is available to aggrieved public employees on the same terms as it is to private employees. The section governing public employee suits contains the same reference to legal relief that is found in the provisions governing private employee actions. *Compare* 29 U.S.C. § 633a(c) *with* 29 U.S.C. § 626(c)(1). Under the reasoning of *Lorillard*, this suggests that Congress intended public employees suing under the ADEA to have the right to jury trial. *See also, Nakshian v. Claytor*, 20 F.E.P. Cases 927, 928 (D.D.C. 1979). Moreover, the very fact that 29 U.S.C. § 633a(c) vests jurisdiction in the federal district courts, rather than in the Court of Claims, is indicative of congressional intent to allow jury trials. *See United States v. Pfitsch*, 256 U.S. 547, 552, 41 S.Ct. 569, 570, 65 L.Ed. 1084 (1921); 5 Moore's Federal Practice ¶ 38.31[2] at 236.

Furthermore, the underlying purposes of the ADEA suggest that no distinction should be drawn between a public or a private employee's right to jury trial. As indicated above, the purpose of the ADEA is the removal of discriminatory barriers to the employment and advancement of older workers; this purpose does not turn upon whether the plaintiff is a public or private employee. Indeed, in suggesting the enactment of an express right to jury trial, Senator Kennedy stated that such a right was important to all victims of age discrimination in employment:

> [J]uries are more likely to be open to the issues which have been raised by the plaintiffs. Sometimes, a judge may be slightly callous, perhaps because he himself is protected by life tenure, or because he is somewhat removed from the usual employer-employee relationship. The jury may be more neutral in such circumstances.

It does seem to me that when a particular plaintiff in an age discrimination case feels aggrieved, if he desires . . a jury trial, that it would be important not to deny him that possibility.

122 Cong.Rec. § 17296 (daily ed. Oct. 17, 1977) (remarks of Sen. Kennedy). This rationale for the express inclusion of a right to jury trial is applicable to public and private employees alike.

Nonetheless, the defendants argue that the 1978 amendments to the ADEA dispelled any doubt as to the unavailability of a jury trial for government employees. Defendants note that the express provision for jury trial is included only in the section pertaining to private employee suits. From this they reason that the amendment simply was a codification of the result in *Lorillard*. In addition, they note that 29 U.S.C. § 633a(f) provides that the government shall not be subject to other provisions of the chapter. The defendants argue that, read together, these provisions express a congressional intent to preserve for the government immunity from jury trials in ADEA suits.

The Court, however, is not convinced that these provisions negate the aforementioned indicia of congressional intent to permit trial by jury in public employee ADEA suits. First, contrary to the defendants' position, the enactment of the express right to jury trial was not simply a codification of the *Lorillard* decision. The proposal was placed before the Senate by Senator Kennedy on October 17, 1977, four months prior to the decision in *Lorillard*. Moreover, the Joint Conference, in considering this provision, referred to *Lorillard* as a decision in which the "Supreme Court recently ruled that a plaintiff is entitled to a jury trial in ADEA actions for lost wages . . ." House Conference Report No. 95–950, 95 Cong., 2d Sess. at 13–14 *reprinted* in [1978] U.S.Code Cong. & Admin.News at 535.[10]

---

**10.** Indeed, the Conference report was more concerned with the effect of *Lorillard* on the question of jury trial of liquidated damage claims than on the issue of the right to jury trial *per se. Id.* This further bolsters the conclusion that enactment of the specific provision granting jury trial in ADEA cases was not intended to be a mere codification of *Lorillard*.

Thus, even the joint committee which considered the provision in light of *Lorillard* did not limit the right to the precise factual situation presented in that case; rather, it termed the right to jury trial more broadly as one to which any plaintiff under the ADEA is entitled. The legislative history simply does not support the conclusion that the Congress intended to distinguish between private and public employees for this purpose. *Accord Nakshian,* 20 F.E.P. Cases at 928.

Second, the Court does not believe that 29 U.S.C. § 633a(f) was added to the ADEA in order to preclude public employees from the right to jury trial in ADEA litigation. This provision was contained in the 1978 amendments *before* Senator Kennedy proposed that the right to jury trial be expressly included in the ADEA. There is no indication either in the committee reports or in the floor debates that this section, along with the express provision for jury trial in 29 U.S.C. § 626(c)(2), was intended to deny the right to jury trial to government employees suing under the ADEA.[11]

Although the principles of the seventh amendment do not control the outcome of this case, the values which underlie the constitutional guarantee of the right to jury trial do merit consideration. Clearly, the tradition of a trial before a jury of one's peers holds a special place in our system of jurisprudence. In order to find that Congress intended to deny this right in ADEA

suits brought by governmental employees, this Court would require more convincing evidence of congressional intent to achieve this purpose than has been provided by defendants. In some cases, perhaps evidence that governmental interests would be frustrated by permitting jury trials might be persuasive.[12] In this case, however, the defendants have identified no governmental interest that would be affected adversely by allowing jury trials in public employee ADEA suits.

Therefore, the Court finds that public employees who bring actions under the ADEA are entitled to jury trials. Accordingly, the defendants' motion to strike the demand for jury trial is denied. The motion to strike the demand for compensatory and punitive damages will be granted. The plaintiff will be given 20 days to amend his complaint so as to set forth his claim for liquidated damages available under the ADEA. It is so ordered.

11. As the defendants admit, it is reasonable to assume that the purpose of § 633a(f) was to establish that "*substantive* rights and obligations for Federal employers would be different in some situations from those for private employers." Defendants' Memorandum in Support of Motion to Strike at 15a (emphasis supplied). For example, § 623 provides certain defenses for private employers which are unavailable to government employers. There is no indication that § 633a(f) was intended to establish different procedures by which public and private employees could vindicate their substantive rights under the ADEA.

12. *See e. g. Katchen v. Landy,* 382 U.S. 323, 339, 86 S.Ct. 467, 478, 15 L.Ed.2d 391 (1966) wherein the Court stated that even the seventh amendment right to jury trial might be subordinate to a "specific statutory scheme contemplating the prompt trial of a disputed claim without the intervention of a jury." Thus, the Court held that where a party presented both legal and equitable claims in a bankruptcy proceeding, summary resolution of the equitable claims could be rendered even if that precluded a later jury trial on the legal claims.