366 F.2d 279
 Harvey B. COLLINS
v.
GOVERNMENT OF the VIRGIN ISLANDS of the United States,
George Wade, Sr.,Aubrey Todman, Luther Benjamin, Clifford
Benjamin and John Doe, a Person, Firm, Association or
Incorporation, and Being a Fictitious Name, Jointly,
Severallyand in theAlternative.
Government of the Virgin Islands, Appellant.
Harvey B. COLLINS, Appellant,
v.
GOVERNMENT OF the VIRGIN ISLANDS of the United States,
George Wade, Sr.,Aubrey Todman, Luther Benjamin, Clifford
Benjamin and John Doe, a Person, Firm, Association or
Incorporation, and Being a Fictitious Name, Jointly,
Severallyand in theAlternative.
 Nos. 15250, 15290.
 United States Court of Appeals Third Circuit.
 Argued May 23, 1966.
Decided Sept. 14, 1966, Rehearing Denied in No. 15250 Oct. 10, 1966.
 
 Francisco Corneiro, Atty. Gen. of Virgin Islands, Charlotte Amalie, St. Thomas, V.I., for the Government of the Virgin Islands.
 Thomas D. Ireland, Charlotte Amalie, St. Thomas, V.I. (Maas and Ireland, St. Thomas, V.I., Belli, Ashe & Gerry, Melvin M. Belli, San Francisco, Cal., on the brief), for Harvey B. Collins.
 Before KALODNER and HASTIE, Circuit Judges and WRIGHT, District Judge.
 OPINION OF THE COURT
 KALODNER, Circuit Judge.
 
 
 1
 Since they are interrelated, these two appeals at Nos. 15250 and 15290, will be separately considered and disposed of in this opinion.
 
 
 2
 The issue presented, at No. 15250, is whether the defendant-appellant, the Government of the Virgin Islands ('Government'), should have been afforded a jury trial in this personal injury action, tried to the District Court of the Virgin Islands without a jury, which resulted in a judgment for plaintiff-appellee, Harvey B. Collins, in the amount of $550,000.
 
 
 3
 Collins was seriously injurted when the car which he was driving collided with a disabled truck on Harwood Highway, St. Thomas, in the early morning hours of February 4, 1961. The truck, owned by one Luther Benjamin, had been left astride part of the traveled portion of the highway after it blew two rear tires during the afternoon of February 3, 1961. The driver, William Samuel Wade, did not report the breakdown to the authorities. Despite the fact that the authorities subsequently became aware of the presence of the truck, it remained on the highway throughout the afternoon and evening. Collins' car collided with the right near of the truck while he was returning from town to the submarine base where he was stationed.
 
 
 4
 On February 1, 1963 Collins filed suit in the District Court of the Virgin Islands to recover for the injuries he received in the accident against Government, Luther Benjamin, and William Samuel Wade.[1] The complaint charged (Paragraph XVI) that the 'accident and collision was caused by, precipitated through and was the proximate result of the carelessness, negligence, omissions and breach of duty of defendants' and prayed for judgment in the sum of $500,000.
 
 
 5
 Government was named as a defendant pursuant to special legislation, Act No. 921, January 25, 1963, which authorized Collins to file suit against Government and provided that he 'may proceed against the Government as in the case of any other defendant'.
 
 
 6
 On March 7, 1963, the defendant, Luther Benjamin, filed an answer to the complaint and on the same day served a copy on attorneys for Collins. The answer denied PXVI of the complaint to the effect that defendants caused the accident by their 'carelessness, negligence, omissions and breach of duty' and set up as a 'special' defense 'the contributory negligence of the plaintiff'. Included in the answer was the statement 'Defendant requests a Jury Trial'.
 
 
 7
 Government filed its answer on March 27, 1963 and served a copy on the attorneys for Collins on the same day. The answer denied the allegations in PXVI and set up as an affirmative defense that 'the plaintiff was guilty of negligence' which 'negligence proximately caused and contributed to cause the matters complained of in plaintiff's complaint'. The answer contained no request for trial by jury nor was one filed up to the date of trial by Government.
 
 
 8
 Following extensive pre-trial discovery, a pre-trial conference was held on October 23, 1964. At that time, the defendant Benjamin was very much involved in the litigation, vigorously opposing a motion by Collins to strike his defense of contributory negligence. On October 24, 1964 Benjamin filed a motion for summary judgment. Trial was to commence on the morning of October 27, 1964; that morning in chambers while the jury waited in the courtroom, Collins moved to dismiss with prejudice the action against all defendants except Government. All parties agreed to this dismissal, and the District Court entered an Order accordingly. The Court then advised Government for the first time that the case would be tried without a jury despite Government's protest that it was entitled to a jury by reason of its reliance upon defendant Benjamin's demand for a jury trial. That afternoon, prior to the commencement of the trial, Government filed with the Court a written 'Motion for Trial by Jury'. The motion was directed to the discretion of the Court pursuant to Rule 39(b) of the Federal Rules of Civil Procedure. It stressed the fact again that Government had relied on the timely demand for trial by jury made by the defendant Benjamin 'whose defense was based on questions of law and fact substantially similar to those relied on by the (Government)'. The Court denied Government's motion.
 
 
 9
 The trial lasted for four days. On December 21, 1964 the Court entered its Findings of Fact and Conclusions of Law. The Court found that 'the defendant Government of the Virgin Islands was negligent'; that 'defendant's acts and omissions were the proximate cause of plaintiff's injuries'; that 'the plaintiff was not guilty of contributory negligence'. On December 22, 1964 judgment was entered against Government in the sum of $550,000. This appeal followed.
 
 
 10
 Government on this appeal contends that it was entitled to a trial by jury in this action because (1) a timely demand for a jury had been made by a co-defendant on which it was entitled to rely, and (2) the Court in the proper exercise of its discretion should have granted its Rule 39(b) motion.[2]
 
 
 11
 In reply, Collins urges that (1) Government had no right to a trial by jury; (2) if it had such a right, it was waived by failure to make a timely demand for a jury; and (3) the District Court did not abuse its discretion in denying Government's motion pursuant to Rule 39(b) for a jury trial.[3]
 
 
 12
 We are of the opinion that Government is correct in its contention that it was entitled to a jury trial by virtue of the timely demand for such trial by its co-defendant Benjamin, and that the District Court erred in holding to the contrary. That being so, we do not reach Government's second contention that the District Court improperly exercised its discretion in denying Government's Rule 39(b) motion.
 
 
 13
 This must be said preliminarily with respect to Collins' threshold contention that Government, irrespective of all other considerations, had no right to a jury trial:
 
 
 14
 Government, like the states of the Union and the United States, is immune from suits in actions sounding in tort. This immunity is specifically provided by Act of Congress, 48 U.S.C.A. 1541(b), which as here relevant, reads:
 
 
 15
 '* * * no tort action shall be brought against the government of the Virgin Islands or against any officer or employee thereof in his official capacity without the consent of the legislature constituted by this chapter and said section.'
 
 
 16
 Government waived this immunity when it enacted Act No. 921. The question as to whether Government having waived tis immunity is entitled to a jury trial is free of the impact of the Seventh Amendment to the Constitution[4] since it is clear that a suit against the sovereign was not a suit at common law within the meaning of the Seventh Amendment. Rather the answer must be sought in well-established principles relating to the waiver of immunity by the sovereign. These may be states as follows:
 
 
 17
 (1) 'The Government cannot be sued, except with its own consent. It can declare in what court it may be sued, and prescribe the forms of pleading and the rules of practice to be observed in such suits. It may restrict the jurisdiction of the court to a consideration of only certain classes of claims against the United States. * * * If the claimant avails himself of the privilege thus granted, he must do so subject to the conditions annexed by the Government to the exercise of the privilege. Nothing more need be said on this subject.' McElrath v. United States, 102 U.S. 426, 440, 26 L.Ed. 189 (1880).
 
 
 18
 (2) The grant of jurisdiction by the sovereign is an aid in determining the method of trial in the absence of an express provision. United States v. Pfitsch, 256 U.S. 547, 41 S.Ct. 569, 65 L.Ed. 1084 (1921); 5 Moore, Federal Practice P38.31(2), at 234 (2d ed. 1964).
 
 
 19
 Applying these principles to the instant case, we are of the opinion that the Government of the Virgin Islands intended to allow trial by jury in an action such as here brought by Collins. This is plainly indicated by the language of Act No. 921 which declared the terms of the waiver of immunity:
 
 
 20
 'Section 2. For the purpose of this Act and the adjudication of any such claim, the immunity of the Government to suit is hereby waived and Harvey B. Collins may proceed against the Government as in the case of any other defendant, subject to the same procedures and defenses except for the defense of immunity from suit or of the statute of limitations, the provisions of which are hereby expressly waived; * * *.'
 
 
 21
 Thus, 'the forms of pleading and the rules of practice to be observed' in this suit are expressly stated to be the same as in the ordinary tort action between private litigants. In such an action it is hornbook law that the parties are entitled to a trial by jury. This is the clear meaning of Government's emphasis on the fact that it be treated as 'any other defendant'.
 
 
 22
 Our conclusion is further supported by the fact that this was an action at law. Consistent with the principle enunciated in United States v. Pfitsch, supra, a grant of jurisdiction to the District Court recognizable at law carries with it a right to jury trial.
 
 
 23
 Collins seeks to avoid this result by relying on a line of cases which hold that there is no right to a jury trial in a 'suit authorized by Territorial law against a municipality, based upon a moral obligation only', citing Guthrie National Bank v. City of Guthrie, 173 U.S. 528, 534, 19 S.Ct. 513, 43 L.Ed. 796 (1899). Guthrie is inapposite to our situation. Guthrie involved suits to recover debts owed by provisional governments of four villages established within the Territory of Oklahoma. Rules applicable to suits against municipalities which are subdivisions of the Government do not control suits against the Government itself. Collins has been misled by the term 'Municipality of St. Thomas' which enjoys a special meaning in Virgin Islands' history. See Harris v. Municipality of St. Thomas & St. John, 212 F.2d 323, 326 (3 Cir. 1954).
 
 
 24
 Although Government had the right to ask for trial by jury, this right could be waived if it failed to comply with Rule 38 of the Federal Rules of Civil Procedure.[5] Rule 38, provides in relevant part:
 
 JURY TRIAL OF RIGHT
 
 25
 '(b) Demand. Any party may demand a trial by jury of any issue triable of right by a jury by serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue. Such demand may be indorsed upon a pleading of the party. ' (c) Same: Specification of Issues. In his demand a party may specify the issues which he wishes so tried; otherwise he shall be deemed to have demanded trial by jury for all the issues so triable. * * * '(d) Waiver. The failure of a party to serve a demand as required by this rule and to file it as required by Rule 5(d) constitutes a waiver by him of trial by jury. A demand for trial by jury made as herein provided may not be withdrawn without the consent of the parties.'
 
 
 26
 The only timely demand for jury trial in this action was the general demand of defendant Benjamin indorsed on his answer. Government made no demand, and thus, under Rule 38(d) waived its right to jury trial unless it was entitled to rely on the demand of its co-defendant. We are of the opinion that Government was so entitled.
 
 
 27
 In considering questions involving the right to jury trial, we must keep in mind certain well-settled principles:
 
 
 28
 Since 'the rifht of jury trial is fundamental, courts indulge every reasonable presumption against waiver.' Aetna Insurance Co. v. Kennedy, 301 U.S. 389, 393, 57 S.Ct. 809, 811, 81 L.Ed. 1177 (1937).
 
 
 29
 "Maintenance of the jury as a factfinding body is of such importance and occupies so firm a place in our history and jurisprudence that any seeming curtailment of the right to a jury trial should be scrutinized with the utmost care.' Dimick v. Schiedt, 293 U.S. 474, 486, 55 S.Ct. 296, 301, 79 L.Ed. 603.' Beacon Theatres, Inc. v. Westover, 359 U.S. 500, 501, 79 S.Ct. 948, 952, 3 L.Ed.2d 988 (1959).
 
 
 30
 These principles lead us to conclude that the better rule is that a defendant can rely on the jury demand of a co-defendant to the extent of the issues embraced by that demand. This is the result suggested by the leading commentators on the Federal Rules of Civil Procedure. Thus 5 Moore, Federal Practice P38.45, at 343-44 (2d ed. 1964) states:
 
 
 31
 'In other words if a timely and proper demand for jury is made all other parties in the action who are affected by the demand may rely thereon and need not make a jury demand for issues embraced therein.'
 
 
 32
 Similarly 2B Barron & Holtzoff, Federal Practice and Procedure, 877, at 49 (Wright ed. 1961) concludes:
 
 
 33
 'Where a timely and proper demand for a jury is made by one party, all of the parties to the action who are interested in the issues as to which jury trial has been demanded may rely thereon and need not make an additional demand of their own.'
 
 
 34
 DePinto v. Provident Security Life Insurance Company, 323 F.2d 826 (9 Cir. 1963), cert. den. Garsuch v. DeP, 376 U.S. 950, 84 S.Ct. 965, 11 L.Ed.2d 969 (1964), is in accord.
 
 
 35
 There, one of the plaintiffs in a derivative stockholders' action against officers and directors of a corporation, filed a timely demand for a jury trial which he sought to withdraw prior to the trial. One of the defendants consented to the withdrawal; the others did not. None of the defendants moved for a jury trial. The case was then tried to the District Court with an 'advisory jury'. The District Court, thereafter, disregarded some of the advisory jury's findings and made its own findings of fact on its holding that defendants in a derivative stockholders' action are not entitled to a jury trial. On appeal, it was held that since one of the grounds asserted in the suit was negligence on the part of the defendants in the performance of their fiduciary duties, an issue was presented recognizable at common law, entitling the defendants to a jury trial. It was further held that since the defendants-appellants had not consented to the withdrawal of the jury trial demand of one of the plaintiffs, that they had not waived trial by jury. In so holding, the Court said at page 832:
 
 
 36
 'Appellees point out that none of the appellants filed a demand for a jury trial prior to the original trial, and argue from this that they waived trial by jury. 'It is provided in Rule 38(d), Federal Rules of Civil Procedure, that the failure of a party to serve such a demand constitutes a waiver of trial by jury. But Rule 38(d) further provides that a demand for trial by jury made as herein provided may not be withdrawn without the consent of the parties. It follows that failure to demand a trial by jury does not constitute a waiver if such a demand is withheld in reliance upon a demand filed by another party, and if withdrawal of the latter demand is not consented to.'
 
 
 37
 Cf. DeGioia v. United States Lines Company, 304 F.2d 421, 425 (2 Cir. 1962). Compare Arrington v. McCarty, 136 So.2d 119 (La.Ct. of App. 1961). In this connection, Collins' contention that any reliance should be strictly limited to adverse parties is without merit. The language of Rule 38 refers to 'party' generally and cannot be read in the manner suggested by Collins.
 
 
 38
 Additional support for the proposition that Government is entitled to rely on the demand by its co-defendant for a jury is found in Rule 39(a), Federal Rules of Civil Procedure, which provides in part that 'when trial by jury has been demanded as provided in Rule 38, the action shall be designated upon the docket as a jury action.' Since an initial demand for a jury will cause the designated issues to be docketed for jury action, it becomes superfluous for another party to make a similar demand, and hence such a party should be allowed to rely on the initial demand.
 
 
 39
 The defendant Benjamin's demand for a jury trial was a general one, indorsed on his pleading and not directed to specivic issues. As such, it was deemed to cover all issues triable by a jury. Rule 38(c), Federal Rules of Civil Procedure. Collins argues that the demand made by Benjamin cannot aid Government because the 'issues' embraced within that demand are not the same as those between Collins and Government. He also urges that the theories of negligence are different as between Benjamin and Government and that the standard of care owed by Government is different as between the two. We do not find the differences asserted by Collins dispositive in the present situation. This was an action instituted by a single complaint against Government and other defendants seeking to hold them jointly and severally liable for the same injury to Collins. As previously noted, P XVI of the complaint charged the defendants jointly with 'carelessness, negligence, omissions and breach of duty' and prayed for judgment against all defendants in the sum of $500,000. The answer of Benjamin controverted the allegations in P XVI and raised the issue of contributory negligence. Government's answer denied P XVI and claimed the injury was due to the negligence of Collins. Under these circumstances, and keeping in mind the well-settled principles in regard to jury trial, earlier referred to, we hold that where co-defendants are sued on the theory that they are jointly and severally liable for the same injury arising out of a single occurrence, a request by one for a jury trial on the issues of negligence and contributory negligence enures to the benefit of the other as well.[6]
 
 
 40
 We reach this decision mindful of the fact that reliance by one party on the jury demand of another must be kept within proper limits if it is not to interfere with the orderly administration of justice. Thus resort to the theory of reliance will not aid a defendant whose demand for a jury trial was timely as to one party, but not as to another because the parties had filed their last pleadings on different dates, Christenson v. Diversified Builders Incorporated, 331 F.2d 992 (10 Cir. 1964), cert. den. 379 U.S. 843, 85 S.Ct. 82, 13 L.Ed.2d 48; nor where jury trial is sought as to third party issues and the only demand for jury trial was that indorsed upon the original complaint, McAndrews v. United States Lines Company, 167 F.Supp. 41 (S.D.N.Y.1958), citing 5 Moore, Federal Practice P38.45, at 344, note 2 (2d ed. 1964). In the instant case, however, there was a single complaint arising from one occurrence charging joint liability for the same injury. Under these circumstances, justice is best served by permitting Government to rely on the jury demand of its co-defendant.
 
 
 41
 Finally, the fact that Collins was allowed to drop his action against Benjamin with Government's consent has no effect on Government's right to a jury trial. Once a jury trial has been demanded, trial must be had by jury unless there is a 'written stipulation' or 'oral stipulation made in open court' consenting 'to trial by the court sitting without a jury'. Rule 39(a), Federal Rules of Civil Procedure. See also, Rule 38(d), Federal Rules of Civil Procedure. Here there was no such stipulation by Government.
 
 
 42
 There remains for disposition the appeal at No. 15,290.
 
 
 43
 Following Judgment in his favor, Collins moved for an award of attorneys' fees pursuant to 5 V.I.C. 541(b). This motion was denied by the District Court on the ground that 'attorneys' fees cannot be awarded to a party against the Government'. Collins then appealed, urging that attorneys' fees can be awarded against the Government of the Virgin Islands and that under the terms of the statute such an award is mandatory.
 
 
 44
 Since we hold that the District Court erred in denying Government a jury trial, and that a new trial must be granted, Collins is no longer a 'prevailing party' within the meaning of 5 V.I.C. 541(b). Accordingly, his appeal at No. 15290 becomes moot. However, as the question may arise again following retrial, we call attention to our recent decision in Smith v. Government of the Virgin Islands, 361 F.2d 469, 471 (1966), to the effect that an award of attorneys' fees under 5 V.I.C. 541(b) is a matter of judicial discretion.
 
 
 45
 For the reasons stated, the Judgment of the District Court will be reversed, and the cause remanded for a new trial with directions to proceed in accordance with this Opinion.
 
 
 
 [1]
 Because of some doubt as to the identity of the owner of the truck and the driver, the complaint named as defendants 'John Doe', 'George Wade, Sr.', 'Aubrey Todman', 'Luther Benjamin', 'Clifford Benjamin' and 'the Virgin Islands of the United States'. Subsequently it was determined that Luther Benjamin was the owner of the truck and William Samuel Wade the driver
 
 
 [2]
 Government also raised other issues on this appeal: the Court's findings did not reflect its own work product; the judgment was contrary to fact and law; the damages awarded were excessive. In view of our disposition we need not consider these points
 
 
 [3]
 Collins also contested Government's claims as to the merits, arguing that the judgment was consistent with fact and law
 
 
 [4]
 Since the Virgin Islands is an unincorporated territory of the United States, c. 558, 2, 68 Stat. 497, July 22, 1954, the Seventh Amendment to the Constitution would not normally be applicable to suits brought in the territory. Balzac v. People of Porto Rico, 258 U.S. 298, 304-305, 42 S.Ct. 343, 66 L.Ed. 627 (1922). However, the Virgin Islands by statute specifically provides for its application in appropriate situations. 5 V.I.C. 321
 
 
 [5]
 The same reasoning which leads us to hold that Government was entitled to jury trial, requires us to conclude that the 'procedure' of this suit is controlled by the Federal Rules of Civil Procedure
 
 
 [6]
 The same result has been reached by other courts through an application of Rule 39(b), Federal Rules of Civil Procedure. The leading case is Spiro v. Pennsylvania R. Co., 3 F.R.D. 351 (S.D.N.Y. 1942), almost identical on its facts with the present case. Plaintiff brought a personal injury action against the Pullman Company and the Pennsylvania Railroad. His demand for jury trial was made within ten days of the answer of the Pennsylvania Railroad but was not timely as to the Pullman Company's answer. The Court held that plaintiff had preserved his right to jury trial as to the 'separate liability' of the railroad and the 'joint negligence' of the defendants, but had waived it as to the 'separate liability' of Pullman. However, since all issues but the 'separate liability' of Pullman were to be tried to a jury, the Court in its discretion under Rule 39(b) ordered that all issues as to both defendants be tried to a jury. 'Any other course would either deprive plaintiff of his constitutional right to a jury trial or would lead to duplication and confusion.' (3 F.R.D. at 352). For more recent authority see Cataldo v. E. I. DuPont DeNemours & Co., 39 F.R.D. 305, 308 (S.D.N.Y.1966). While recognizing that the interests of justice are served by either approach to the problem, we prefer to treat the question as coming within the language of Rule 38