# GUARDIAN INSURANCE COMPANY, Appellant/Cross-Appellee
## v.
# GOLINDA JOSEPH, Appellee/Cross-Appellant

D.C. Civ. No. 93-151

District Court of the Virgin Islands

Div. of St. Croix

October 25, 1994

WILFREDO A. GEIGEL, ESQ., Gallows Bay, St. Croix, V.I., *for Appellant/ Cross-Appellee*

LEE J. ROHN, ESQ., Christiansted, St. Croix, V.I., *for Appellee/Cross-Appellant*

RICHARD P. CONABOY, *Senior District Court Judge* for the Middle District of Pennsylvania, Sitting by Designation; JAMES L. WATSON, *Senior Judge*, United States Court of International Trade, Sitting by Designation; and ISHMAEL A. MEYERS, *Judge* of the Territorial Court of the Virgin Islands, St. Thomas and St. John Division, Sitting by Designation.

On Appeal from the Territorial Court of the Virgin Islands

## OPINION OF THE COURT

This appeal and cross-appeal are taken from a jury verdict in favor of appellee, Golinda Joseph ("Joseph"), in an action for compensatory damages and punitive damages brought in the Territorial Court, Golinda Joseph v. Guardian Insurance Company, Civ. No. 3851-1991 (Terr. Ct. St. X Feb. 22, 1993). The jury awarded Joseph $18,000 for the loss of the use of her vehicle, plus $5,577.75 for interest on her car loan, and an additional $5.82 per day interest until the judgment is paid. The dispute arises out of Guardian Insurance's ("Guardian") failure to indemnify Joseph after her car was totaled in an accident. For the reasons set forth below, this Court will affirm the judgment of the Territorial Court.

## FACTUAL BACKGROUND

In December 1988, Joseph bought a Dodge Aries which she insured with Guardian. Brief for Appellee at 6. On September 15, 1989, Joseph was involved in a one-car accident in which her car struck a utility pole and a tree. Due to Hurricane Hugo, which ravaged the Virgin Islands on September 17-18, 1989, she was unable to report the accident to her insurance company until two weeks later. The car was a total loss and Joseph attempted to recover its full value from Guardian. All attempts by Joseph were unsuccessful.

In April 1991, Joseph instituted this action against Guardian for its failure to pay her claim for over nineteen months. Joint Appendix ("J.A.") I at 5-6. In response to the filing of this action, Guardian made a final offer of $9,429 for the property damage. Joseph accepted this offer on the condition that she receive interest on that amount, plus attorney's fees and payment for the loss of the use of her vehicle. J.A. I at 100-101. Guardian, however, requested that upon receipt of the check for $9,429, Joseph waive any other claims she may have and sign a release. Since Joseph refused to sign the release, Guardian never delivered the check. Brief for Appellee at 10.

On February 2 and 3, 1993, the case was tried by a jury. Just before the case went to the jury, Guardian agreed to pay Joseph $9,400 for property damage and for unpaid medical bills. The remaining issues that were submitted to the jury were Joseph's claims for bad faith, loss of use and interest. The jury awarded Joseph $18,000 for the loss of use of her vehicle, $5,577.75 for interest, plus an additional $5.82 per day interest until the judgment was paid. J.A. I at 15. She also recovered attorney's fees and costs totaling $10,095.80.

On March 4, 1993, Guardian filed a motion for judgment notwithstanding the verdict or, in the alternative, for a new trial. The motion was denied. Guardian appealed and Joseph cross-appealed.

## DISCUSSION

Guardian claims that the trial court erred:

    1. in admitting into evidence letters of settlement discussions;

2. in denying Guardian's motion for a continuance;
3. in admitting evidence of loss of use and interest on the loan, neither of which were pleaded in conformity with Fed. R. Civ. P. 9(g);
4. in instructing the jury on loss of use and interest on the automobile loan;
5. in denying Guardian's motion for a judgment notwithstanding the verdict and motion for a new trial;
6. in instructing the jury on the issue of bad faith; and
7. in awarding attorney's fees and costs to Joseph.

Joseph cross-appealed, claiming that the trial court erred:

1. as a matter of law in dismissing Joseph's claim for punitive damages; and
2. in failing to allow the jury to consider Joseph's claim for emotional distress and denying her motion to amend her pleadings to conform to the evidence on emotional distress.

## A. *Guardian's Appeal*

Since Guardian's first two issues concern the admission of settlement letters, they are considered together. Admission of evidence is reviewed for abuse of discretion. Government of the Virgin Islands v. Pinney, 967 F.2d 912 (3d Cir. 1992); In re Japanese Electronic Products, 723 F.2d 238 (3d Cir. 1983). Guardian claims that the letters were erroneously admitted because an offer of compromise or settlement and all subsequent negotiations are not admissible to establish or disprove a party's claim. Guardian contends that the letters were written prior to the filing of the complaint, and allowing them to be admitted would have a chilling effect on all settlement negotiations.

Fed. R. Evid. 408 allows for the exclusion of evidence of the offering of a settlement when there is a dispute as to either the validity or the amount; however, the Rule allows for the admission of the same type of evidence if it is being offered for another purpose. In Re Japanese Electronic Products, 723 F.2d at 275. Joseph claims that the letters were not admitted to prove her undisputed property claim, but were admitted to establish Guard-

148

ian's conduct of refusing to pay Joseph for the damage Guardian knew had occurred. Because the settlement letters were being offered to prove bad faith, and not validity or amount, they were properly admitted. The court did not abuse its discretion by admitting the letters under Rule 408 of the Federal Rules of Evidence.

■ A trial court's decision to deny a continuance may be reversed only for an abuse of discretion. United States v. Kikumura, 947 F.2d 72 (3d Cir. 1991). In the instant case, Guardian requested a continuance after the trial court denied its motion in limine and ruled that the settlement letters would be admitted into evidence. Guardian's counsel contends that a continuance was necessary, because, as the author of some of the settlement letters, he may have been needed to testify. Thus, his client would have needed the opportunity to secure other counsel for the trial. Joseph claims that Guardian knew that the letters were an intricate part of her defense, and therefore it had sufficient time, before the day of the trial, to file a motion to withdraw. Guardian's request for a continuance was correctly denied. The trial court did not abuse its discretion because the admission of the letters was well within the purview of Fed. R. Evid. 408, and, thus, foreseeable.

Guardian's third and fourth issues concern the trial court's admission of evidence of loss of use of the car. Guardian claims that since this issue was not specifically pleaded, the jury should not have been instructed on it. Joseph contends that her claim was for compensatory damages. She further contends that in order to prove her loss, it was necessary to submit proof of the existence of damages that normally flow from the loss of one's vehicle.

■ The admission of evidence is a matter left to the sound discretion of the trial judge. The standard of review on appeal is for abuse of discretion. In re Merritt Logan, Inc., 901 F.2d 349 (3d Cir. 1990) (citing Stich v. United States, 730 F.2d 115 (3d Cir.), cert. denied, 469 U.S. 917 (1984)). The transcript reveals that the trial judge considered this issue and determined that the evidence was admissible, since it was of the kind that should be anticipated in an action for damages. Thus, it was necessary for Joseph to introduce evidence pertaining to her use or lack of use of her vehicle to aid the jury in determining whether she was entitled to compensatory damages.

■ It is well settled that the jury instructions must conform to the evidence presented at trial. Tigg Corp. v. Dow Corning Corp., 962 F.2d 1119 (3d Cir. 1992). The reviewing court must determine whether, in light of the evidence, the trial court fairly and adequately submitted the issues to the jury. Id. Since the trial court admitted the evidence of loss of use and interest, it then became necessary for the court to instruct the jury accordingly. This court concludes that the trial court properly instructed the jury on the issue of damages based on the evidence admitted.

■ Guardian's appeal of the denial of its motion for a judgment notwithstanding the verdict or, in the alternative, for a new trial, is meritless. In reviewing the trial court's ruling on such a motion, this court must affirm denial of the motion unless the record is critically deficient of that minimum quantum of evidence from which a jury might reasonably afford relief. Rotondo v. Keene Corporation, 956 F.2d 436 (3d Cir. 1992). The record contains sufficient evidence to affirm the denial of the motion for a judgment notwithstanding the verdict.

Guardian also appeals the trial court's instructions to the jury on the issue of bad faith. The standard of review for jury instructions is abuse of discretion. United States v. Fischbach and Moore, Inc., 750 F.2d 1183 (3d Cir. 1984), cert. denied, 470 U.S. 1029 (1985). The elements of the tort of bad faith are clearly set forth in Justin v. Guardian Insurance Co., 670 F. Supp. 614 (D.V.I. 1987).[1] Guardian claims that Joseph did not prove the four elements necessary for the tort of bad faith. It further claims that any delay in payment

---

[1] [I]n the Virgin Islands, in order to make out a cause of action for the tort of bad faith a plaintiff will be required to show: 1) the existence of an insurance contract between the parties and a breach by the insurer; 2) the intentional refusal to pay the claim; 3) the non-existence of any reasonably legitimate or arguable reason for the refusal (debatable reason) either in law or fact; 4) the insurer's knowledge of the absence of such a debatable reason or 5) when the plaintiff argues that the intentional failure results from the failure of the insurer to determine the existence of an arguable basis, the plaintiff must prove the insurer's intentional failure to determine the existence of such a debatable reason.

Justin v. Guardian Ins. Co., Inc., 670 F. Supp. 614, 617 (D.V.I. 1987) (adopting the standard presented in Dempsey v. Auto Owners Ins. Co., 717 F.2d 556, 560 (11th Cir. 1983) for the Virgin Islands because no Third Circuit case has yet discussed the elements of the tort and because the Dempsey standard outlines the parties' obligations and duties).

was caused by Joseph's refusal to cooperate and her rejection of Guardian's reasonable offers.

■ Joseph presented evidence to support each element of her claim for bad faith. The record is filled with sufficient evidence to allow the jury to consider the claim. Accordingly, this court concludes that the trial court properly instructed the jury on bad faith.

■ The Virgin Islands Code allows the court to award attorney's fees and costs to the prevailing party. See V.I. Code Ann. tit. 5, § 541(b) (1967 & 1992 Supp.) The decision whether to award fees and costs to a prevailing party is within the trial court's discretion. Collins v. Government of the Virgin Islands, 5 V.I. 622, 366 F.2d 279 (3d Cir. 1966), cert. denied, 386 U.S. 958 (1967). Joseph succeeded on the significant issues of her case. As the prevailing party, the award of attorney's fees and costs were well within the court's discretion.

## B. *Joseph's Cross-Appeal*

■ Joseph appeals the trial court's dismissal of her claim for punitive damages. The court dismissed this claim when it granted Guardian's motion for directed verdict on the issue of punitive damages. Review of a directed verdict is plenary. Tait v. Armour Elevator Co., 958 F.2d 563, 569 (3d Cir. 1992). To recover punitive damages, Joseph was required to prove, by clear and convincing evidence, the existence of outrageous conduct, done with evil motive or outrageous indifference to her rights. Justin v. Guardian Ins. Co., Inc., 670 F. Supp. at 617 (citing Berroyer v. Hertz, 672 F.2d 334 (3d Cir. 1982); Restatement (Second) of Torts § 908(2) (1979). The trial court found that Joseph had not provided sufficient evidence to allow the jury to consider this issue. After careful review of the record, this court finds that the record is void of sufficient evidence to uphold a claim for punitive damages; therefore, the trial court correctly granted the motion for directed verdict.

■ Joseph also claims that the court erred in denying her motion to amend the pleadings to conform to the evidence presented at trial relating to the issue of emotional distress. Rule 15(b) of the Federal Rules of Civil Procedure provides in part, ". . . when

151

issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." Fed. R. Civ. P. 15(b). "[T]here is implied consent . . . if there is no objection to the introduction of evidence on the unpleaded issue, as long as the non-objecting party was fairly apprised that the evidence went to the unpleaded issue." Niedland v. United States, 338 F.2d 254, 258 (3d Cir. 1964). Amendment is proper only if the court finds that the party understood that the evidence was introduced to prove the unpleaded issue. Campbell v. Board of Trustees, 817 F.2d 499 (9th Cir. 1987). The purpose of this rule is to bring the pleadings in line with the actual issues upon which the case was tried.

A review of the trial record does not reveal express or implied consent on the part of Guardian to litigate the issue of emotional distress. Guardian neither cross-examined any witnesses on this issue nor did it present its own witnesses to rebut this issue. We therefore find that Guardian was not fully apprised that the issue of emotional distress was being litigated during trial. Accordingly, we further find that the trial court did not abuse its discretion by denying Joseph's motion to amend the complaint to conform to the pleadings.

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the trial court. An appropriate order will be entered.

## ORDER OF THE COURT

AND NOW, this 25th day of October, 1994, after careful review of the record and having considered the submissions of the parties; and for the reasons set forth in the Court's accompanying Opinion of even date;

IT IS ORDERED:

THAT the Territorial Court's decision is AFFIRMED.