**Flora NICHOLAS and Paul Gayter, in their own right and as next friend of S.G., Plaintiffs,**

v.

**WYNDHAM INTERNATIONAL, INC., Wyndham Management Corp., Sugar Bay Club and Resort, Corp., Rick Blyth and Brian Hornby, Defendants**

No. CIV.2001/147–M/R.

District Court, Virgin Islands, Appellate Division, D. St. Thomas and St. John.

Jan. 22, 2002.

Britain H. Bryant, Williams & Connolly, LLP, for Plaintiffs.

## ORDER ON DEFENDANT HORNBY'S MOTION FOR A MORE DEFINITE STATEMENT

RESNICK, United States Magistrate Judge.

THIS MATTER came for consideration on Defendant Hornby's Motion for a More Definite Statement. Plaintiffs filed opposition to the motion and Hornby replied to such opposition.

Hornby's motion is pursuant to Fed. R.Civ.P. 12(e). Hornby asserts that Counts V and VI of Plaintiffs' Second Amended Complaint do not comport with the FEDERAL RULES OF CIVIL PROCEDURE regarding the particularity required to plead fraud. Hornby also claims that Plaintiffs have not pled punitive damages with the particularity required by Rule 9(g).

In opposition to the motion, Plaintiffs assert that their pleadings are adequate to allege fraud and that Rule 9(g) does not require further elaboration of their claim for punitive damages.

Plaintiff's Second Amended complaint includes the following:

1. That Plaintiffs checked into the Wyndham Sugar Bay Hotel on April 9, 2000 (par. 11).

2. That shortly after their arrival, Plaintiffs were greeted by Hornby (par. 14).

3. That Hornby told the Gayters about the Kids Klub program and represented that these activities were well-supervised by qualified staff (par. 15).

4. Throughout the Gayters stay at the hotel, Hornby actively encouraged the Gayters to entrust him and the Kids Klub with care of their minor children (par. 15).

5. Based upon such representations and the justifiable expectations that this was a Wyndham-sanctioned Kids Klub program, the Gayters did entrust the Kids Klub with care of the minor children [including S.G. who was then nine years old] (par. 16).

6. While S.G. was in care of Hornby and the Kids Klub program, she was fondled and sexually abused by Hornby (par. 17–24).

7. Count V incorporates all previously pled paragraphs and adds:

   A. Hornby represented to the Gayter parents that the Wyndham Sugar Bay Kids Klub were well-supervised by a qualified staff (par. 71).

   B. That these representations were made with intent that the Gayters rely upon them in determining whether to use the services for minor children of the Wyndham Sugar Bay Kids Klub and that "Defendants" intended for the Gayter family to act upon these representations. (par. 72).

   C. That "such representations were false when made, and the defendants made such representations knowing them to be false when made, without knowledge of their truth or falsity at the time they were made or in the circumstances where they should have known of the falsity of those representations were made." (Par. 73).

D. Plaintiffs acted in justifiable reliance on the aforementioned false and fraudulent representations of Hornby and placed their children including S.G. in the care of Hornby (par. 74).

E. As a direct and proximate result of Hornby's false and fraudulent representations, S.G., Paul Gayter and Flora Nicholas suffered damages (par. 75–76).

F. The prayer for relief following Count V includes demand for compensatory and punitive damages against Hornby.

8. Count VI incorporates all previously pled paragraphs and adds:

A. Hornby encouraged by act or omission and representations that the Gaytors place their minor children in care of the Wyndham Sugar Bay program for the care of minor children. In doing so, Hornby fostered a relation of trust and confidence between himself and the guests who relied on these services (par. 78–79).

B. Plaintiffs Gayter and Nicholas relied upon this relationship of trust and confidence and put their children in the care of Wyndham Sugar Bay Kids Club. Hornby abused the relationship of trust and as a proximate result thereof, S.G., Paul Gaytor and Flora Nicholas suffered damages (par.80–82).

C. The prayer for relief following Count VI includes a demand for compensatory and punitive damages against Hornby.

Rule 9(b) of the Federal Rules of Civil Procedure provides:

Fraud, Mistake, Conditions of the Mind. In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity.

Malice, intent, knowledge, and other conditions of mind may be averred generally.

■ A motion pursuant to Rule 12(e) is an appropriate method to address deficient pleading under Rule 9(b). *Coffey v. Foamex, L.P.*, 2 F.3d 157, 162 (6th Cir.1993).

The requirements of Rule 9(b) have been stated by the Court of Appeals for the Third Circuit to be:

(1) a specific false representation of material fact,

(2) knowledge of its falsity by the person who made it,

(3) ignorance of its falsity by the person to whom it was made,

(4) the maker's intention that it should be acted upon, and

(5) detrimental reliance by the Plaintiff.

*In re: Burlington Coat Factory Securities Litigation*, 114 F.3d 1410, 1421 (3d Cir. 1997).

The Plaintiff should only be required to plead with sufficient particularity to give the defendants a fair opportunity to frame an answer and prepare a defense and to insure that Plaintiff has sufficient factual basis for bringing the action...to satisfy the relatively broad requirement of notice pleading, the complaint should specify precisely what statements were made in which oral representations; the time and place of each statement and the person responsible for it; the content of each statement and the manner in which it misled the Plaintiff; and what the defendant obtained as a consequence of the fraud... [internal citations omitted].

*City of Harrisburg v. Bradford Trust Co.*, 621 F.Supp. 463, 475 (D.Pa.1985).

Rule 9(b)'s 'reference' to 'circumstances' is matters such as time, place, and contents of the false representations as well as the identity of the person

making the misrepresentation and what was obtained thereby.

*Tradewinds v. Citibank, N.A.*, 20 V.I. 152, 160 (D.V.I.1983).

■ Applying such principles to Plaintiffs' pleading regarding Hornby, the gist of Plaintiffs' allegations are apparent, namely:

1. Shortly after their arrival at the hotel, Plaintiffs were greeted by Hornby. Hornby then told the Gayters about the Kids Klub program and represented that the activities were well-supervised by qualified staff (pars. 11, 14, 15, 71).

2. Throughout the Gayters stay at the hotel, Hornby encouraged the Gayters to entrust him and the Kids Klub with care of S.G. (pars. 15, 71, 78, 79).

3. That such representations were false when made and Hornby knew so. (par. 73).

4. That the false representations were made by Hornby with intent that the Gayters rely thereon by placing S.G. in his care at the Kids Klub (par. 72).

5. The Gayters acted in justifiable reliance on Hornby's false statements by placing S.G. in the Kids Klub in Hornby's care (pars. 74, 80–82).

6. Plaintiffs were proximately damaged thereby (pars. 17–24, 34, 35, 75, 76, 80–82).

Because Hornby was the allegedly active molester of S.G. the falsity of his statements concerning well-supervised, qualified staff and his knowledge of such falsity is readily inferred. It is also readily apparent that the adult plaintiffs were unaware of the falsity of such statements. Hornby's obvious motive in making such statements and his gain therefrom is subsumed to be his later allegedly salacious activities. The allegations against Hornby however, lack certain requisite specificity as follows:

1. Paragraph 15, states that "Throughout the Gayter's stay at the Wyndham Sugar Bay, Defendant Hornby... actively encouraged the Gayters to entrust him and the Kids Klub with care of their children throughout the week of April 9, 2000..." It is not stated how often or on what dates or times this active encouragement occurred; whether it preceded or was throughout the actual acts of molestation of S.G. detailed in the Complaint; whether and where it occurred on hotel property; and the approximate substance of how such encouragement was offered.

2. Paragraph 73 as written seems incorrect in that the word "or" appears to have been omitted in the second line between "false when made" and "without knoweldge" and added improperly in the third line between "at the time they were made" and "in circumstances where."

■ Under Virgin Islands law, punitive damages may be awarded for conduct that is outrageous, because of defendant's evil motive or his reckless indifference to the rights of others. *Guardian Ins. Co. v. Joseph*, 31 V.I. 145, 151 (D.V.I.App.Div. 1994). RESTATEMENT (SECOND) OF TORTS § 908(2). Plaintiff's pleadings concerning Hornby's alleged misrepresentations are adequate in such regard.

Accordingly, it is hereby;

**ORDERED** as follows:

1. Within ten (10) days of the date of this Order, Plaintiffs shall provide a more specific statement of paragraph 15 by detailing the approximate dates, times, and substance of how Hornby actively encouraged the Gayters to entrust him with care of

S.G. including therein to whom any representations were made.

2. Within ten (10) days of the date of this Order, Plaintiffs shall review and provide any technical correction of paragraph 73.

3. Nothing herein shall be determinative of the validity of Plaintiffs' pleadings upon any dispositive motion addressed thereto.

4. A status/scheduling conference is scheduled on February 8, 2002 at 11:00 A.M. at Magistrate's Chambers.