

**FILED**
March 13, 2024 08:38 AM
ST-2020-CV-00075
TAMARA CHARLES
CLERK OF THE COURT

## IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

BART ENTERPRISES, LLC,               )
                                     )
                                     )       CASE NO. ST-2020-CV-00075
                    Plaintiff,       )
        v.                           )       ACTION FOR BREACH
                                     )       OF CONTRACT
SAPPHIRE BAY CONDOMINIUMS WEST,      )
                                     )
                    Defendant.       )       2024 VI Super 11U
                                     )

## <u>MEMORANDUM OPINION</u>

¶1.    **THIS MATTER** is before the Court on Defendant Sapphire Bay Condominiums West's (Sapphire Bay) *Motion for Decision on Petitions for Attorney's Fees* filed on February 12, 2024. The motion addresses two outstanding petitions for attorney's fees with the first being filed on December 28, 2022, for fees requested at the trial level after the dismissal of the complaint on September 23, 2022. The latter petition filed on December 5, 2023, pertains to fees incurred at the appellate level after the Supreme Court of the Virgin Islands affirmed the trial court's dismissal.

¶2.    In the first petition, Sapphire Bay seeks fees from Plaintiff Bart Enterprises, LLC (Bart) in the amount of $31, 982.00. To support this request, Sapphire Bay submitted the *Affirmation of Lisa Kömives in Support of Attorney's Fee Petition* and (J. Daryl Dodson's) *Affirmation in Support of Attorney's Fee Petition* along with a 6-page (combined) client itemized listing describing work performed by two law firms, including time spent on different tasks, dates, and the hourly billing charges. Legal services provided commenced on January 23, 2020, and ended on March 26, 2023. Those services were provided by Dudley Newman Feuerzeig LLP (Lisa Michelle Kömives, Esq.) and Moore Dodson Russell & Wilhite, P.C. (J. Daryl Dodson, Esq.)

over the course of this action. For their services rendered, Attorney Kömives charged $355 per hour while Attorney Dodson charged an hourly fee of $400. A Stipulation for Substitution of Counsel and Notice of Appearance were filed by Attorney Dodson on January 3, 2022. In the second petition, all services were rendered by Attorney Dodson and to support that petition, he filed a similar affirmation and a 2-page itemized listing categorized in the same manner as the other client summary for work performed and charges. Here, Attorney Dodson is requesting fees in the amount of $6,880.

## I. BACKGROUND

¶3. On February 13, 2020, Peter R. Najawicz, project manager of Bart, who is not a licensed attorney in the Virgin Islands, filed a complaint signed by him. The Court ordered Bart to retain counsel to prevent any further unauthorized practice of law pursuant to Title 4 V.I.C. § 443[1]. On June 2, 2020, Robert L. King, Esq. entered a notice of appearance but neither corrected nor sought to amend the defective complaint. On December 10, 2021, Attorney King moved to withdraw from the case and the motion was granted on December 17, 2021. On September 1, 2022, Kye Walker, Esq. filed a notice of appearance on behalf of Bart, but did not respond to any of the court orders nor any of the motions filed by the Defendant. Although counsel was twice-retained, Bart never corrected or amended the complaint. After several motions filed by the Defendant and court orders being issued, the complaint was dismissed on September 23, 2022.

---

[1] Title 4 V.I.C. § 443 provides the following:

Except as otherwise provided by law or rule … the unauthorized practice of law shall be deemed to mean the doing of any act by a person who is not a member in good standing of the Virgin Islands Bar Association for another person usually done by attorneys-at-law in the course of their profession, and shall include but not be limited to: …acting as the attorney-at-law, or representative of … firm or corporation, before any court … the preparation and/or filing of pleadings or other legal papers incident to any action or other proceeding of any kind before or to be brought before the same.

¶4. On October 19, 2022, Bart promptly appealed the decision to the Supreme Court of the Virgin Islands, which affirmed the dismissal on November 21, 2023. On January 11, 2024, the Mandate of the Supreme Court was entered and this matter was remanded back to the Superior Court. The only outstanding matters are the petitions for attorney's fees. Pursuant to V.I.R. APP.P. 30(b), it is for this Court to also determine what, if any, is an appropriate award for attorney's fees incurred on appeal. The Defendant filed both petitions in a timely manner and considering the deadlines for responses have passed and Plaintiff has failed to file an opposition or response to either petition to date; the Court will grant the petitions, in part, as it finds the fees to be reasonable.

## II. LEGAL STANDARD

¶5. Title 5 V.I.C. § 541 enumerates the allowable costs and attorney's fees in civil matters.[2] In relevant part, the statute states:

(a) Costs which may be allowed in a civil action include:

(6) Attorney's fees as provided in subsection (b) of this section.

(b) The measure and mode of compensation of attorneys shall be left to the agreement, express or implied, of the parties; but there shall be allowed to the prevailing party in the judgment such sums as the court in its discretion may fix by way of indemnity for his attorney's fees in maintaining the action or defenses thereto; provided, however, the award of attorney's fees in personal injury cases is prohibited unless the court finds that the complaint filed or the defense is frivolous.

¶6. The decision to award costs or attorney's fees is entirely within the discretion of the court.[3]

---

[2] See also V.I.R. Civ. P. 54(d)

[3] *Pollara v. Oceanview Investment Holding, LLC*, 2015 WL 4735205, at *1 (D.V.I. May 21, 2015) citing *Addie v. Kjaer*, 2014 U.S. Dist. LEXIS 134500, at *8 (D.V.I. Sept. 24, 2014).

An award of attorney's fees under Title 5 V.I.C. § 541(b) is a matter of judicial discretion.[4] The court determines the amount the prevailing party should receive in attorney's fees and costs in the Virgin Islands.[5] The award of attorney's fees and costs goes to the "prevailing party" as provided under § 541(b), however, the amount awarded is dependent upon several factors. A prevailing party is a party that succeeded on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit.[6]

### A. Reasonable Attorneys' Fees

¶7. The decision to award the attorney's fees and costs and provide the amount is left up to the court upon the submission of sufficient explanation.[7] To determine the lodestar amount, the court considers the number of hours reasonably expended on work multiplied by a reasonable hourly rate. The court determines what is reasonable based on the following factors: 1) time and labor required, 2.) the novelty and difficulty of the questions involved, 3.) the skill requisite to perform the legal service properly; 4.) the fee customarily charged in the locality for similar legal services; 5.) the amount involved in the controversy and the results obtained; 6.) the experience, reputation, and ability of the lawyer or lawyers performing the services; and 7.) whether the fee is fixed or contingent.[8] To determine attorney's fees, the Court should undertake a two-step inquiry when examining the reasonableness of attorneys' fees.[9] First, the Court determines whether the hours billed were 'reasonably expended.' Second, the Court determines whether the

---

[4] *Collins v. Government of the Virgin Islands,* 366 F.2d 279, 5 V.I. 622, 1966 U.S. App. LEXIS 4973 (3d Cir. V.I. 1966).

[5] Title 5 V.I.C §541(a) & (b).

[6] *Trailer Marine Transp. Corp. v. Charley's Trucking, Inc.,* 20 V.I. 286, at *2 (Terr. V.I. Mar. 15, 1984)

[7] *Mahabir v. Heirs of George,* 63 V.I. 651, 668 (V.I. 2015).

[8] *Isaac v. Crichlow,* 2016 WL 5468371, at *1 (V.I. Super. Ct. Sept. 29, 2016).

[9] *Baumann v. Virgin Islands Water & Power Authority,* 2016 U. S. Dist. LEXIS 57604, at *3 (D.V. I. April 27, 2016).

hourly rate sought is reasonable in comparison to the prevailing market rates in the relevant community for similar services by lawyers of reasonably comparable skill, experience, and reputation.[10]

### B. Itemized Reductions Warranted for Duplicative, Unreasonable, or Insufficiently Detailed Billing or Non-Recoverable Costs.

¶8. Section 541 only permits the recovery of certain costs. Cost for paralegals or assistants are not included. Computer legal research charges and copying costs are general overhead expenses that are not compensable costs under §541.[11] "[A] court may, as needed, remove duplicative, disproportionate, or superfluous charges or services."[12] Even though a client may use multiple attorneys, the court may, as needed, reduce the amount in attorney's fees when multiple lawyers put in duplicative effort regarding the same issue.[13]

### III. LEGAL DISCUSSION

¶9. This action arises out of an agreement entered into on August 15, 2018, for a construction project at Parcel No. 11 Smith Bay, St. Thomas, Virgin Islands. Bart was contracted to re-roof four buildings at Sapphire Bay. The complaint was improperly filed on February 13, 2020, by Bart seeking an outstanding debt in the amount of $265,296.98 for an alleged breach of contract by Sapphire Bay. Sapphire Bay filed a counterclaim on August 19, 2021, demanding the sum of $115,890.22 due to monies spent on remedying Bart's allegedly defective work.

¶10. All claims brought by Bart were dismissed on September 23, 2022, by the Court and the

---

[10] *Baumann* at *4. See also *Berne Corp. Government of the Virgin Islands*, No. 00-141, 2012 U.S. Dist. LEXIS 13128, [WL] at *10 (D.V.I. Feb. 3, 2012)

[11] *Roy v. Poleon*, 2018 V.I. LEXIS 136, *7 (V.I. Super. Ct. Dec. 14, 2018). *See also* Title 5 V.I.C. §541.

[12] *Poleon* at 6.

[13] *Morcher v. Nash*, 40 V.I. 256, 263 (D.V.I. 1998).

Supreme Court of the Virgin Islands subsequently affirmed the decision on appeal on November 21, 2023. This Court having read the Opinion recognizes the matter should have been dismissed *ab initio* as a nullity.

¶11. To date, both petitions for attorney's fees remain unopposed and the deadlines for Plaintiff to have responded passed. Upon review of the petitions, this Court has determined that Defendant, as the prevailing party, should be awarded reasonable attorney's fees. There were no requests for costs. Despite the complaint being a legal nullity, Plaintiff failed to correct the defect, failed to respond to orders and then, only upon dismissal, filed an appeal.

### A. Reasonable Attorney's Fees

#### 1. Time, Labor, and Skill Required; Novelty or Difficulty of Issues

¶12. In support of the motion, Lisa Michelle Kömives, Esq., a partner of Dudley Newman Feuerzeig LLP, submitted an affirmation and a 2-page itemized summary listing the brief description of the work performed, the date it was performed, the amount of time spent on each task, the hourly rate, and the dollar amount assessed per task. The affirmation provides, *inter alia*, that Atty Kömives had been practicing law for almost 20 years up to the resolution of this case with greater concentration in civil defense litigation, primarily business and commercial cases. With the exception of three tasks performed by paralegal Daisy R. Williams, all work on this summary was completed by Attorney Kömives. The work commenced on January 23, 2020, and Attorney Kömives' portion was completed on December 14, 2021. Attorney Kömives' rate was billed at $355 per hour during the entire work period while Ms. Williams tasks were billed at $160 per hour. The total billable hours are 49.40 with the sum of $17,342 in fees and no costs.

¶13.   In further support of the petition is the affirmation of J. Daryl Dodson, Esq., a shareholder in the firm of Moore Dodson Russell & Wilhite LLP, and a 4-page client summary listing work completed at the trial level.   The summary shows the brief description of the work performed, date of performance, the amount of time spent on each task, and the dollar amount assessed per task.   Counsel also filed approximately eight affidavits from fellow bar members reflecting their fees charged in other cases ranging from $300 to $450 per hour; and two Superior Court opinions supporting the requested fees. Although Attorney Dodson was substituted in on January 3, 2022, his portion of work at the trial level started on September 27, 2021, and was completed on March 26, 2023, at the appellate level.

¶14.   Attorney Dodson also submitted a 2-page itemized summary describing work performed to defend the action on appeal. All work on the summaries were completed by Attorney Dodson and billed at $400 per hour with the billable hours amounting to 37.80 hours for a sum of $14,640 in fees and, on appeal, 18.2 hours at $6,880.   The supporting affirmation provides, *inter alia*, Atty Dodson had been practicing law in the Virgin Islands for almost four decades with a concentration in civil defense litigation. Total fees requested for services rendered between both firms is $38,862.

¶15.   Due to the case being dismissed at a very early stage, there was no discovery, no depositions taken, or extensive motion practice.   Although a proper complaint was never filed, this Court allowed the Plaintiff, on more than one occasion, the opportunity to correct the defective filing which prompted several motions from the Defendant. This was a breach of contract action and although the attorneys were not required to understand or research any

in depth legal concepts, complex issues or multiple claims; and neither was there any protracted litigation or the need for particularly difficult work, both firms vigorously defended the claims brought forth which generated adequate research and several filings at the inception. The issues were neither novel, difficult, nor complex. However, the Court does find that it took diligent research by the Defendant to come to rely on *Murphy Rigging & Erecting, Inc. v. Virgin Islands Water & Power Auth.*, 76 V.I. 480, 2022 WL 843385, 2022 V.I. 5 (March 22, 2022) resulting in the dismissal. Therefore, with the experience and effort applied to this case, the Court finds the fees reasonable and within the customary charges of the Virgin Islands.

**2. Customary Charges of the Bar for Similar Services**

¶.16. The normal market rate for attorneys in the Virgin Islands is $200 to $400 depending upon the experience of the attorney.[14] Some Virgin Islands courts have held that rates between $300 to $350 per hour to be reasonable rates for partners.[15] The Third Circuit has stated that when attorney's fees are awarded, the current market rate must be used.[16] As stated, having reviewed the affidavits submitted by the Defendant the Court found those fees including up to $450 per hour to be reasonable. Here, this Court believes the charges of $355 and $400 per hour, respectively, are reasonable for the skill and extensive amount of experience of the attorneys in civil litigation.

---

[14] *Diamond Crest Ltd. v. FNA Serv. Station, Inc.*, 2006 WL 8418818, at *5 (V.I. Super. June 14, 2006).

[15] *Yearwood Enterprises, Inc. v. Antilles Gas Corp.* 2017 WL 6316625, at *3 (V.I. Super. Ct. Dec. 5, 2017) (Holding that $350 per hour was a reasonable rate because it is in line with the customary rates for attorneys in the Virgin Islands).

[16] *Berne Corp. v. Government of the Virgin Islands*, 2010 WL 3927703, *5n.1 (DVI Set. 30, 2010) (quoting *Lanni v. New Jersey*, 259 F.3d 146, 149 (3d. Cir. 2001)).

### 3. The Amount Involved in the Controversy & Results Obtained

¶17. In this matter, the Defendant has received the full benefit of a dismissal of the action in its entirety as the complaint was deemed a legal nullity. There was no opposing argument to present other than, if anything, to correct the defective complaint which Plaintiff failed to do. With all claims against Sapphire Bay being dismissed, Sapphire Bay is the prevailing party and therefore entitled to reasonable fees.

### 4. Experience, Reputation and ability of the lawyers; Fixed fee

¶18. Both counsel have provided their affirmations referencing their number of years of experience particularly within this jurisdiction and which reflect they have a breadth of experience and are knowledgeable in matters revolving breaches of construction contracts. The fixed fee rates for both firms are reasonable.

### B. Itemized Reductions Entered for Duplicative Entries.

¶19. The only applicable fees here are attorneys' fees. No other costs were requested. "[A] court may, as needed, remove duplicative, disproportionate, or superfluous charges or services."[17] On Attorney Kömives' summary, the court will deny compensation for the duplicate entry on February 11, 2020, for the sum of $1,739.50 at 4.90 hours for drafting a letter to Bart regarding breaches of construction contracts. There are three other entries dated February 10, 12, and 14, 2020, regarding drafting and revising the same letter for a total of 4.80 hours. The Court will also deduct fees for the paralegal. Compensation for work performed by paralegals and non-attorney staff is reduced as normal overhead costs associated with running a business.[18] Thus, these are

---

[17] *Poleon* at *2.
[18] *Rainey v. Hermon*, 55 V.I. 875, 879 (V. I. 2011)

non-compensable costs and an additional $160 will be deducted.

## IV. CONCLUSION

¶20. Based on the above-mentioned reasons, this Court will award attorneys' fees to Dudley Newman and Feuerzeig LLP in the amount of $15,442.50, and to the firm of Moore Dodson Russell & Wilhite, P.C, the sum of $21,520 for the total sum of $36, 962.50. An order of even date follows.

Dated: March ___13___ , 2024

**Renée Gumbs Carty**
Senior Sitting Judge of the Superior
Court of the Virgin Islands

**ATTEST:**
Tamara Charles
Clerk of the Court

By: _____
Donna D. Donovan
Court Clerk Supervisor ___3/ 14/ 2024___

## IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

BART ENTERPRISES, LLC, )
)  CASE NO. ST-2020-CV-00075
Plaintiff, )
v. )  ACTION FOR BREACH
)  OF CONTRACT
SAPPHIRE BAY CONDOMINIUMS WEST, )
)
Defendant. )  2024 VI Super 11U
)

## ORDER

Consistent with the Memorandum Opinion of even date, it is hereby

**ORDERED** that the *Petitions for Attorney's Fees* are **GRANTED**, in part, and

Sapphire Bay is awarded attorney's fees in the total sum of $36, 962.50; and it is further

**ORDERED** that Bart Enterprises, LLC shall pay the sum of $15,442.50 in

attorneys' fees to Dudley Newman Feuerzeig, LLP; and it is further

**ORDERED** that Bart Enterprises, LLC shall pay the sum of $21,520 in attorney's

fees to Moore Dodson Russell & Wilhite, P.C.; and it is further

**ORDERED** that interest shall accrue at the legal rate of 4% per annum from the

date of entry of this Order until paid in full; and it is further

**ORDERED** that copies of this Order shall be distributed to J. Daryl Dodson,

Esquire, Lisa Michelle Kömives, Esquire, and Kye Walker, Esquire,

Dated: March *13*, 2024

**ATTEST:**
Tamara Charles
Clerk of the Court
By:
Donna D. Donovan
Court Clerk Supervisor 3/14/2024

**Renée Gumbs Carty**
Senior Sitting Judge of the Superior
Court of the Virgin Islands

11